PEDAN and another executors of PEDAN *against* Cox and wife.

IN ERROR.

*1817.*

WOLF
*v.*
CAROTHERS.

*Lancaster.*
—

*Saturday,*
May 31.

ERROR to the Common Pleas of *Lancaster* county.

*Cox* and wife, the plaintiffs below, brought an action against *John Pedan* and *Henry Strickler*, executors of *Hugh Pedan*, deceased, for a legacy bequeathed by the testator to his daughter, Mrs. *Cox*. Before the return of the writ, the plaintiffs entered a rule of arbitration in the prothonotary's office, and had a copy of it served by delivering it to the wife of *Pedan*, one of the defendants; but no copy was served on *Strickler*, the other defendant. The arbitrators were appointed by the plaintiff, and the prothonotary, (the defen-

*In a suit against two executors, the rule of arbitration must be served on both to render both liable, unless one has authority from the other.*
*A service of a rule of arbitration on the defendant's wife, where it does not appear that she was at home, at the time of service, is not good.*

1817.

PEDAN
and another
executors of
PEDAN
*v.*
Cox
and wife.

dants not appearing,) and afterwards proceeded to make an award for the sum of 1040 dollars, in favour of the plaintiffs against both defendants. *Strickler* did not appear before the arbitrators, nor was it said, in any part of the proceedings, that he ever had notice of what was doing. Two errors were assigned ; 1st, That the rule of reference was not served on *Strickler*. 2d, That the service on the wife of *Pedan* was not good, because it did not appear, that she was at her husband's house, when the copy was delivered to her.

*Hopkins*, for the plaintiff in error.

*Porter*, contra.

TILGHMAN C. J. (After stating the case.) The plaintiffs contend, that there was no necessity to serve the rule on *Strickler*, because both the executors make but one party ; and the act of assembly under which these proceedings were had, (" an act regulating arbitrations," passed 20th *March*, 1810,) directs, in the 1st section, that *the party* who enters the rule of reference, " shall procure from the prothonotary, " a copy thereof, under his hand and seal, and serve or cause " to be served, the same, or a copy thereof, *on the opposite* " *party*, his, her, their agent or attorney, or, if not to be " found, leave a copy thereof at his, her, or their *last place* " *of abode*." It is true, that the two executors constitute the *party* on whom the rule is to be served ; but from this, I draw an inference directly contrary to the argument of the plaintiff, for I think, it follows, that the service is to be on *both* the executors, because the *party* consists, not of *one*, but of *both*. This is a point of very great importance to executors. They have a right to sever, in their defence, before the referees. It may be, that one has received no part of the testator's effects, and that the other has squandered the whole. It is essential, therefore, to the safety of the one who has received nothing, that he should have notice of the reference, in order that he may defend himself separately from his co-executor. Would it not be monstrous, that a man should be subject to an award which might ruin him, without an opportunity of pleading his cause ? Suppose the action had proceeded according to the common law, the plaintiff could not have obtained judgment against *Strickler*, unless he had been

summoned. Where two executors are defendants, and one only is summoned, the plaintiff cannot go on against the one who was not summoned ; and when the act of assembly, authorised the plaintiff to take the cause out of Court, and carry it to another tribunal, was there not as much reason, that both the defendants should have notice of this, as, that they should have notice of the original writ? Undoubtedly there was, nor is there any thing in the act of assembly, which can reasonably be construed to the contrary. I have not a particle of doubt, therefore, but that in order to render both defendants liable, they must both be served with a copy of the rule, unless it could be shewn, that one had authorised the other to carry on the suit for him, which in this case has not been shewn. But the service was not good, even as to the other executor, *Pedan*. A copy of the rule was delivered to his wife, but it does not appear that she was at home, when it was delivered ; so that the act of assembly was not complied with ; the copy should have been left at the husband's house. I am, therefore, of opinion, that the plaintiffs in error, have made good both their exceptions, and the judgment should be reversed.

GIBSON J. concurred.

DUNCAN J. concurred.

Judgment reversed.