Til gum an C. J.
Lowry, the plaintiff below, issued a summons against Marshall, Patton, and Moore, to recover a debt founded on their joint assumption. The sheriff returned the summons, served, that is, as I understand, served on all the defendants. Ón this, the plaintiff entered a rule of re-n ° , . , , . . , ference, and appointed a time to choose arbitrators at the , office of the prothonotary. At the time appointed, it was proved that notice was served on Marshall and Patton, two of the defendants, and they not appearing, the prothonotary, as agent of the defendants, proceeded to appoint arbitrators, who made an award in favour of the plaintiff for 368 dollars debt, and 13 dollars 55 cents interest, in the whole 371 dollars 55 cents ; which award was returned to the prothonotary, and entered according to the act of assembly. It does not appear *282 that the defendant, Moore, ever appeared, either in Court or before the arbitrators ; nor is it quite certain whether the was made against all three defendants, or only against Marshall and Patton who did appear; the words of the award being, that the defendants pay to the plaintiff, &c. The prothonotary had no right to appoint arbitrators for the three defendants, because notice had not been served on Moore. Neither was it in the power of the plaintiff to drop Moore and go on against the other two defendants. By the practice of our Courts, if one of the defendants cannot be found, and the sheriff so re- . turns, the plaintiff may proceed against the others ; but he cannot proceed against some and omit others on whom the writ has been served. So that in whatever light this recprd is viewed ; whether the award is against all three, or only two of the defendants, there is error. It is the opinion of the Court, therefore, that the judgment should be reversed.
Judgment reversed.