# Beltzhoover *against* The Commonwealth.

In an action of debt against two or more, a confession of judgment by one defendant, accepted by the plaintiff, operates as a release of all the other defendants, against whom no judgment can afterwards be obtained in that action or any other upon the same evidence of debt : and whether that evidence of debt be a joint, or a joint and several obligation does not alter the rule.

In a joint action against two or more, a rule of reference cannot be taken as to one of the defendants, nor any less number than the whole, and must be served on all.

ALLEGHANY county.

This was an action by the *Commonwealth* at the instance of *Hezekiah Niles* against *Lazarus Stewart*, late sheriff, *Alexander Hild*, *John Turner* and *Henry Beltzhoover*, upon the official bond of *Stewart*. The writ was served on all the defendants, and all appeared by counsel. *Lazarus Stewart*, one of the defendants, confessed a judgment on the docket for 117 dollars and 59 cents in the presence of the plaintiff's attorney ; after which the plaintiff entered a rule to refer the cause to arbitrators, who subsequently made a report, finding for the plaintiff, against *Henry Betzhoover*, one of the defendants, 117 dollars and 49 cents ; upon which judgment was entered, and to reverse which, this writ of error was sued out.

*W. W. Fetterman,* for plaintiff in error, cited, *Marshall* v. *Lowe,* 6 *Serg. & Rawle* 281 ; *Garber* v. *Fisher,* 5 *Serg. & Rawle* 179 ; *Taylor* v. *Fitzsimmons,* 17 *Serg. & Rawle* 453 ; *Pedan* v. *Cox,* 3 *Serg. & Rawle* 245 ; *Smith* v. *Black,* 9 *Serg. & Rawle* 142.

*Selden,* for the defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—I consider the case of *Williams et al.* v. *M'Fall and others,* 2 *Serg. & Rawle* 280, as ruling this case. That was an action of *assumpsit* against two upon a joint contract, in which one of the defendants appeared and confessed a judgment for a certain sum of money, but the other pleaded the general issue, and went on to trial. A verdict was found against him for a smaller sum, and it was held that no judgment could be entered on the verdict. The claim was joint, and the plaintiff, having taken a final and separate judgment against one of them, thereby severed the nature of the demand and released the other. The judgment confessed became his only security. His claim originally being joint, and having commenced a joint suit, he could not charge them severally without their consent. The judgment in an action founded upon a contract must follow the nature of the claim ; it must be joint also. The circumstance of the bond upon which this suit is founded being several as well as joint, is not to be regarded, and does not vary the case ; because, although it be so, the plaintiff below had his election to have sued the defendants there either jointly or severally, but having made his election to sue them jointly, he is bound by it, and the bond must be considered as if it were joint merely and not several, and the action, as if it had been brought upon a joint bond only ; and the defendants are entitled to all the chances of escape that would have attended a proceeding upon a mere joint original liability. If the plaintiff below had proceeded in his suit and obtained a joint judgment against all the defendants, and *Henry Beltzhoover* and the other sureties had died before execution of it, without leaving any real estate bound by it ; and *Lazarus Stewart,* the principal defendant, still being alive : the judgment would have survived entirely against him, and in no event would it be levied out of the estate of the deceased defendants. If, however, the plaintiff below had sued them severally, it would be otherwise, for the estate of each and all would continue to be liable until satisfied. So that to permit the plaintiff below, after having brought a joint suit, to proceed in it against them severally, would not only be setting aside the distinction which is well known to exist in law between a joint and several suit, but it would be suffering him to change the nature of his claim entirely, into a several from a joint one, for which he commenced his suit, and consequently to change the nature of the liability of the defendants in the suit, without their consent. By taking a judgment against *L. Stewart* alone, the plaintiff below has precluded himself for ever from proceeding again upon the same bond for the

[Beltzhoover v. The Commonwealth.]

same cause of action, in either a joint or several action against *Stewart*, and demanding or obtaining another judgment. His right of action for the same cause, is merged in the judgment already confessed, and has put an end to the action. as regards *Stewart.* But having commenced his action jointly against *Stewart* and the other defendants below, he has no right to demand a judgment against the latter, without including *Stewart.* He however has already got one against *Stewart*, and therefore cannot have another for the same cause. Hence it is manifest that he must be content now with his judgment which he has against *Stewart* as his only security, and the judgment against *Henry Beltzhoover* is erroneous for the reasons already mentioned.

It is also bad for the second error assigned ; for it was not competent for the plaintiff below to bring a joint suit against the four, and after the writ was served upon them, and they had all appeared by attorney, to proceed either in court or by reference under the compulsory arbitration law against any one, or less number than the whole of the defendants, as long as they continued all in being, so as to obtain a final judgment, unless one or more of them should consent to give such judgment ; which, I have already shown, would be good against those who gave it, but would also have the effect of releasing or discharging the others. To sanction such a course of proceeding, except against those who have assented to it, would, in effect, be to permit him to enter a *nolle prosequi* against such as he did not choose to have the rule for arbitration served on, which cannot be done in actions founded upon contract, unless where one or more of the defendants admit their joint liability to have existed, but claim to be discharged from it by operation of law, and plead to that effect. Besides, it has been well settled by several decisions of this court, that in an action against two or more, the rule of reference, if entered by the plaintiff, must be sued on all the defendants ; and that the plaintiff cannot, at pleasure, drop one or more and proceed against the others. See *Marshall* v. *Lowry*, 6 *Serg. & Rawle* 281 ; *Pedan* v. *Cox*, 3 *Serg. & Rawle* 245 ; *Brentz* v. *Bishop*, 5 *Serg. & Rawle* 179 ; *Rank* v. *Becker*, 12 *Serg. & Rawle* 412.

As to the third error assigned, it is sufficient to say that the difference in the amount of the judgment confessed by *Stewart*, and that obtained by arbitration against *Beltzhoover*, is not considered material. The error does not consist in that. Had the arbitrators made an award for precisely the same sum of money with the amount of the judgment confessed, still it could not have been supported, for the reasons already stated in discussing the first error. The plaintiff below, by having accepted of judgment from *Stewart*, one of the defendants, which is completely final, has thereby obtained the end of his suit, and precluded himself from afterwards proceeding against the others ; for a plaintiff cannot have two or more final judgments in the same action, founded upon a contract,

[Beltzhoover v. The Commonwealth.]

whether it be a joint or several action, unless it be by a statutory provision, which does not exist in this case.

The judgment against *Lazarus Stewart* is affirmed, but the judgment and award against *Henry Beltzhoover* is reversed.

Judgment reversed.