Shively *against* The United States.

In an action of debt the writ was served on the principal and surety.  In 1818 the principal confessed judgment therein ; and, in 1822, the court below rendered judgment against the surety.  *Held*, that by signing the first judgment the other defendant was irrevocably released.

ERROR to *Union* county.

The United States against Christian Shively who survived Jacob Stees.  The plaintiff brought an action of debt against Shively and Stees, upon both of whom the writ was served.  On the 30th of October 1818, Stees confessed judgment.  On the 19th of February 1822, the court, on motion, rendered judgment against Shively, amount ascertained by direction of the court, 263 dollars 86 cents. After the death of Stees this writ of *scire facias quare executio non* issued against Shively, to which he pleaded *nul tiel record*, upon which the court below rendered a judgment for the defendant.

*Bellas*, for plaintiff in error.

*Merrill*, contra, cited Williams *v.* M'Fall, 2 *Serg. & Rawle* 280; 1 *Watts* 126; 1 *Saund.* 155. n 2.

PER CURIAM.—By signing judgment against one defendant only, the other was irrevocably released; and no measure taken to bring him in again could be successful.  Such is the principle of Williams *v.* M'Fall, 2 *Serg. & Rawle* 280, and Bellyhoover *v.* The Commonwealth, 1 *Watts* 126, and it is immediately applicable to a joint action like the present.  The subsequent judgment was, therefore, incurably irregular; and taking it not to be already void, it is entirely distinct from the other.  The precedent one, if rendered in form, would be that the plaintiff recover his debt of the principal only;

and how it could open to let in an additional party, has not been explained. The subsequent judgment, also, would be that the plaintiff recover of the surety without reference to the principal who had been disposed of before. How, then, could a clerk making out a formal exemplification of the record, consolidate these two so as to make one *ideo consideratum est* serve for both? If the judgment were one, it could have but one date; and would it relate to 1818 when the first part of it was rendered, or to 1822, the period of the second? There were, in fact, two distinct judgments; and the record was consequently untruly described in the *scire facias.* The last of the two cannot be proceeded on in any shape, for it would be as incongruous to have distinct executions as to have distinct branches of a judgment.

Judgment affirmed.