## LEWIS, ASSE. v. ASH, ET AL.

### June 19, 1837.

*Rule to show cause why the fieri facias should not be set aside, and to open the judgment.*

A judgment entered against all the obligors in a joint and several bond, by virtue of a warrant of attorney, one of them being dead, is irregular, and will be wholly set aside.

The court will not permit the judgment to stand against the survivors.

THE case was this: Joseph, Penrose, Rebecca, Caleb L., and William G. Ash executed their joint and several bond to the obligee, conditioned for the payment of 1500 dollars, accompanied by a warrant of attorney, by virtue of which judgment was entered against all the defendants on October 16th, 1836. A *fieri facias* against all the defendants issued to June term, 1837. But it appeared by due proof that William G. Ash, one of the defendants, died on the 2d day of June, 1836, consequently before the entry of the judgment. The surviving defendants obtained this rule to show cause.

*Stillé*, for plaintiff.
*H. M. Phillips*, for defendants.

[Lewis v. Ash.]

For the plaintiff it was said, that the judgment and execution should stand as to the surviving defendants; and for the defendants it was contended that the whole was irregular.

PER CURIAM.—The warrant of attorney authorized the entry of either a *joint* or a *several* judgment on the bond. The plaintiff did not enter a several judgment, but a *joint one*. At the time of so doing, one of the obligors was dead. The judgment was therefore clearly irregular, and must be opened as to all the defendants, and the *fieri facias* of course must then be set aside. We have no power to comply with the suggestion of the plaintiff's counsel, as to leaving the judgment stand as to the surviving defendants. The judgment being *joint*, what is irregular as to one, is so in relation to all.

Rule absolute.

*Rule to show cause why the fieri facias should not be set aside.*