## Shallcross *versus* Smith.

1. A married woman and her husband executed a *joint* bond with warrant;
judgment was entered on it against both : *Held*, that as to the wife the bond
and warrant were a nullity and the judgment against her could be stricken off.

2. The bond and warrant being a nullity as to the wife, it was the husband's
bond singly and it was not error to refuse to strike off the judgment as to him.

February 16th 1875.    Before AGNEW, C. J., SHARSWOOD, MER-
CUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Philadelphia :* Of July
Term 1875, No. 28.

On the 11th of September 1871, Samuel S. Shallcross and
Lamira A. Shallcross his wife, entered into a joint bond for $7400,
conditioned for the payment of $3700.    The bond was secured by
a mortgage of the same parties on the real estate of the wife.    She
died May 8th 1873.    The real estate was sold under the mortgage,
November 8th 1873, for $3188.54.    On the 31st of March 1874,
judgment was entered on the bond and warrant against Samuel S.
Shallcross and Lamira A. Shallcross.    Under a fieri facias issued
February 20th 1875, on this judgment, the interest of Samuel S.
Shallcross in certain real estate was levied on and condemned, and
a vend. ex. issued, which was stayed.    A rule was taken to strike
off the judgment.

The court (Allison P. J.) discharged the rule, on the ground
that the bond, though joint, was operative against the party com-
petent to contract.

Shallcross took a writ of error, and assigned for error the decree
discharging his rule.

*E. Wilson* (with whom was *H. G. Ward*), for plaintiff in error.—
Judgment on a joint warrant of attorney can be entered only against
all the makers : Dalrymple *v.* Fraser, 15 Law Jour., N. S. 193 ;
Gee *v.* Lane, 15 East 592 ; Raw *v.* Alderson, 7 Taunt. 453 ; Hunt
*v.* Chamberlain, 3 Halst. 336 ; Harris *v.* Wade, 1 Chit. 322 ; Wood
*v.* Heath, Id. 708, note.

[Shallcross *v.* Smith.]

*W. C. Hannis*, for defendant in error.—A bond and warrant of a married woman being absolutely void (Keiper *v.* Helfricker, 6 Wright 325; Steinman *v.* Ewing, 7 Id. 63; Glidden *v.* Strupler, 2 P. F. Smith 400), they are to be treated as if executed by the husband alone. A contract signed by an infant or feme covert and one *sui juris*, is binding on the one *sui juris :* Addison on Contracts 970; 2 Hilliard on Contracts 132; Swanzey *v.* Parker, 14 Wright 452; Motteux *v.* St. Aubin, 2 W. Black. 1133.

Judgment was entered in the Supreme Court, March 6th 1876, PER CURIAM.—The warrant of attorney and bond of Mrs. Shallcross were a mere nullity. The entry of judgment on it was not binding on her and can be stricken off. But it does not follow that the bond and warrant are void as to her husband, Samuel S. Shallcross. Being void as to her, it was his bond singly. We see no error in refusing to strike off the judgment as to him.

Judgment affirmed.