## Hopkins *et al. versus* West.

| 83 | 109 |
| 129 | 582 |

1. Usurious interest included in the amount of a judgment confessed cannot be recovered back after the judgment has been paid by the defendant in full.

2. Where W. borrowed a sum of money from H., and gave H. a judgment note for the amount of the loan and usurious interest on it, and judgment was entered on the note, which was afterwards paid by W. in full : *Held* (reversing the court below), that in an action by W. to recover back the usurious interest, W. could not recover. *Held, also,* that W. could recover usurious interest paid by him on the judgment.

3. Per SHARSWOOD, J.: There is no difference in legal effect between a judgment confessed or for want of appearance or plea, and a judgment on the verdict of a jury.

November 16th 1876.　　Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and WOODWARD, JJ.　WILLIAMS and MERCUR, JJ., absent.

Error to the Court of Common Pleas of *Washington county :* Of October and November Term 1876, No. 83.

Assumpsit by Jonathan West against Hopkins and others, to recover usurious interest paid by him to the defendants.　The affidavit of claim filed set forth that on April 13th 1871, West borrowed from the defendants $1500, giving them his judgment note of that date for $1644, payable in nine months ; that judgment was entered on this note ; that he paid the defendants interest on the sum of $1644, from January 13th 1872 to May 13th 1875, to the amount of $657.60 ; that on October 6th 1875 he paid the defendants in satisfaction of the judgment, $1747.91 ; and that the plaintiff asked to recover $502.01, the amount of the usurious interest, with interest from October 6th 1875.

An affidavit of defence was filed which set up that at the date of the entry of judgment, April 14th 1871, no part of the note had been paid and that the plaintiff had no cause of action.

The court below (Acheson, P. J.) was of opinion that the voluntary payment of the judgment did not prevent the plaintiff from maintaining his suit and ordered judgment for the plaintiff for the full amount claimed ; to which the defendants took this writ of error.

*Hall & Brady,* for the plaintiffs in error.—The payment of interest was not voluntary ; it makes no difference whether the judgment was by confession or was the result of adversary proceedings : Blystone *v.* Blystone, 1 P. F. Smith 373.

To permit the plaintiff below to recover interest included in the judgment would be to allow that judgment to be attacked collaterally, which is contrary to all the authorities from Stewart *v.* Stocker, 13 S. & R. 199, down to Hageman *v.* Salisberry, 24 P. F. Smith 280.　West should have applied to the court below to open

[Hopkins *v.* West.]

the judgment.    See also Verner *v.* Carson, 16 P. F. Smith 440 ;
Fed. Ins. Co. *v.* Robinson, 1 Norris 357.

*McCraken* and *McIlvaine,* for defendant in error.—The pay-
ment by West was voluntary : Freeman on Judg. 2.    In Heath *v.*
Page, 12 Wright 130, a usurious mortgage was paid in full after
judgment and the usurious interest recovered back.

Mr. Justice SHARSWOOD delivered the opinion of the court, No-
vember 23d 1876.

Had the judgment confessed by the plaintiff below in favor of the
defendants been an adversary judgment upon the verdict of a jury,
it cannnot be questioned but that it would have been conclusive as
between the parties even though it should manifestly appear that it
included usurious interest.    There is no difference in legal effect
between a judgment confessed, or for want of appearance or plea, and
a judgment on the verdict of a jury.    The court in which the judg-
ment is rendered will indeed open one of the former kind, and let
the defendant into a defence in a proper case, and upon equitable
terms : Clark *v.* Douglass, 12 P. F. Smith 415; Blystone *v.* Bly-
stone, 1 Id. 373.    This principle was applied in Verner *v.* Carson,
16 P. F. Smith 440, in a case in which usurious interest was
included, and as against a vendee of the land subject to the judgment.
No substantial difference can be shown between this and any other
illegality entering into its consideration.

The judgment in favor of Hopkins, Wright & Co. against West,
would no doubt have been opened upon his application and the
excess beyond legal interest would have been stricken from it.
But standing as it did upon the record and paid by West in full, he
cannot be permitted now to go behind it and claim that part of it
was not justly due, either from usury or any other cause.    But then
that judgment only carried legal interest from the time it fell due.
Any voluntary payments in excess of lawful interest, where the
whole debt is paid, may be recovered back by suit commenced
within six months from the time of such payment.    That was
in this case according to the affidavit of claim, October 6th 1875.
Whatever the plaintiff below then paid more than the amount
of the judgment and interest, deducting payments before made, he
is now entitled to recover back with interest.    He would have a
right in strictness to have such payments credited to the principal
from time to time as made.    He has not given the elements for such
a calculation, but has stated generally that he had paid as usurious
interest from January 13th 1872 to May 13th 1875, the sum of
$657.60.    Allowing him this credit as of that date, his claim ought
to have been liquidated as follows :

[Hopkins v. West.]

Judgment—Hopkins *et al. v.* West, due Jan. 13th 1872  $1644.00
Interest to May 13th 1875—three years four months    .   328.80

                                                          ─────────
                                                          $1972.80
Credit payments May 13th 1875  .    .    .    .    .   657.60

                                                          ─────────
                                                          $1315.20
Interest from May 13th 1875 to October 6th 1875—146
    days    .    .    .    .    .    .    .    .    .    .   31.56

                                                          ─────────
                                                          $1346.76
Which sum deduct from $1747.91, paid October 6th 1875,
    leaves    .    .    .    .    .    .    .    .    .   401.15
Add interest from October 6th 1875 to November 23d
    1876—one year and fifty-four days  .    .    .    .   27.61

                                                          ─────────
                                                          $428.76
                                        Judgment reversed.

And now, November 23d 1876, judgment for the plaintiff
    below against the defendants below for the sum of
    $428.76, and it is ordered that the record be remitted
    to the court below, that this judgment may be carried
    into execution.