## Croasdell *versus* Tallant.

G., C. and S. made an instrument which read, " Six months after date for value received, *we or either of us* promise to pay to T. or order $832 money borrowed ;" and continued " and *we* empower any attorney to appear for *us* and confess judgment against *us* for the above sum, &c., &c." G. having died T. treated the warrant of attorney as joint, and entered judgment against the two survivors. C. asked the court below to strike off the judgment, for the reason that the power to confess judgment was a joint power, and after the death of G. did not authorize the entry of judgment against C. and S., or either of them as survivors, which was refused. *Held,* that this was not error.

PER CURIAM.—But treating this power as joint, as the plaintiff did, we are not disposed to follow the English case of Gee *v.* Lane, 15 East 592. The theory of judgments, according to the English law, has been so greatly changed in Pennsylvania by legislation (in number of acts cited), it will not do to follow English precedents too implicitly, and we must treat this case as one to be governed by the intent of the warrant rather than by English decisions.

November 23d 1876. Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS and MERCUR, JJ., absent.

Error to the Common Pleas of *Crawford county :* Of October and November Term 1876, No. 40.

This was a proceeding upon a judgment entered by virtue of the warrant of attorney contained in the following note :—

" $832.  Meadville, Pa., Dec. 6th 1873.

*Six months* after date, for value received, *we, or either of us,* promise to pay to *Miss Jane Tallant,* or order, *eight hundred and thirty-two* dollars, with interest, *money borrowed,* and in case of default of payment at maturity, an additional *five* per cent, for the attorney's fees for collection of the same. And *we* empower any attorney of record in this Commonwealth, or elsewhere, to appear for *us* and confess judgment against *us* for the above sum, together with the 5 per cent. additional, with costs of suit, release of errors, and without stay of execution ; and for value received do waive the

2 NORRIS—13

[Croasdell *v.* Tallant.]

ˈright and benefit of any law of this or any state exempting property, real or personal, from sale, and if levy be made on land, do also waive the right of inquisition, and consent to the condemnation thereof, with full liberty to sell the same on fi. fa., with release of errors thereon.

" The words ' *either of us*' interlined before signing.

Witness, Joseph Deuch.

" Due June 6th 1874.

Geo. Gray,

John T. Croasdell,

E. B. R. Sacket."

The italics represent the writing in the note.

Gray, one of the parties to the note, died in April 1874, and judgment was entered on 11th of May following, by virtue of the power of attorney, against Croasdell and Sacket. Croasdell obtained a rule to show cause why the judgment should not be stricken off, for the reason " that the power to confess judgment was a joint power, and, after the death of Gray, did not authorize the entry or confession of judgment against Croasdell and Sacket, or either of them, as survivors."

The court discharged the rule and refused to strike off the judgment, which was the error assigned.

*H. L. Richmond & Son*, for plaintiff in error.—The note and power to confess judgment, though embodied in one instrument, are separate and distinct. The note says " we or either of us promise to pay," making it joint and several. The language of the power is, " we empower any attorney * * * to appear for *us* and confess judgment against *us*." This power is joint and not several and authorizes the confession of a joint and not a several judgment. The death of Gray worked a revocation of the power, and there was no authority to enter judgment against the survivors, or either of them : 1 Tr. & H. Pract. 401 ; Row *v.* Alderson, 7 Taunt. 453. It differs not that the note is several as expressly decided in Gee *v.* Lane, 15 East 592.

In that case Lane and William Gee gave their joint and several bond to Thomas Gee,, in the sum of 2400*l.*, conditioned for the payment of 1180*l.*, and also their *joint* warrant of attorney, authorizing the attorney " to appear for *us*, John Lane and William Gee, and to receive a declaration for *us* in an action of debt * * * and thereupon to confess the same action, or else suffer judgment *nil dicit* to pass against *us* in said action. Abbott moved for leave to enter judgment, on this *joint* warrant of attorney, against the surviving party, Lane, only." Lord Ellenborough refused leave, saying, " An action to be brought against *us*, must mean a *joint* action ; an authority by two, to enter judgment against *us*, will not warrant a judgment against one alone. The authority must be pursued ; we cannot violate it."

[Croasdell v. Tallant.]

*Thomas Roddy* and *J. B. Brawley*, for defendants in error.— The obligation and the power are one instrument, and the parties are jointly and severally liable. It is evident the intention of the parties was that the power should read " we or either of us," or why interline " we or either of us promise to pay," in the promissory part of the instrument? Taking the instrument in its entirety, we may fill the ellipsis wherever it occurs, and if after the word "us" we insert the words " either of us," we reach the true intent of the makers: Geddis *et al. v.* Hawks, 10 S. & R. 38. In Gee *v.* Lane, 15 East 592, *supra*, the bond and warrant of attorney were separate instruments, and the case is not analogous. An agreement to pay money, signed by two, but which in the body of it provides for the payment by one of them only, is joint and several: Klapp *v.* Kleckner, 3 W. & S. 519; Krusely *v.* Shenberger, 7 Watts 193; Leith *v.* Bush *et al.*, 11 P. F. Smith 395.

The judgment of the Supreme Court was entered November 24th 1876,

PER CURIAM.—The warrant of attorney in this case was treated as joint by the plaintiff, and judgment entered against the two survivors. The obligation, however, was joint and several, and the warrant of attorney a part of it and a mere continuation of the instrument before the signatures. It would scarcely be a departure from its true intent to construe the warrant to be several as well as joint. But treating it as joint, as the plaintiff did, we are not disposed to follow the English case of Gee *v.* Lane, 15 East 592. The theory of judgments according to the English law has been so greatly changed in Pennsylvania by legislation, it will not do to follow English precedents too implicitly. The Act of 21st March 1872 required the day of the month and year to be noted by the person signing judgments, and gave them effect only from that time, contrary to the custom by which they related to the first day of the term. By the Act of 6th April 1830, judgments against one of several joint obligors, copartners, promising, &c., shall not bar suits against those not served, nor those amicably confessing bar. By the Act of August 2d 1842, § 6., judgments against defendants at different times are made valid, and a scire facias may be issued to revive them as of the day of the last entry. And by the Act of 11th April 1848, § 5, a judgment recovered against one of several copartners, joint and several obligors, &c., without a plea in abatement, shall not bar a subsequent suit against others not parties; and by the 3d section the death of one of the defendants shall not discharge his estate. Looking then to the wide departure of our law from the English rules affecting judgments, and also to the fact that the prothonotaries may, under the Act of 1806, enter judgment on a bond and warrant of attorney, and without the intervention of an attorney and confession of judgment, we must treat this case as

[Croasdell *v.* Tallant.]

one to be governed by the intent of the warrant, rather than by English decisions.

Judgment affirmed.