## Commonwealth *v.* Joyce et al., Appellants.

*Practice, C. P.—Treasurer's bond—Refusal to open judgment thereon.*

A settlement having been made against a school district treasurer and his bond having been certified from the quarter sessions to the common pleas, and there entered up, such judgment is conclusive upon the sureties and the court has no power to open judgment except as to matters apparent on the face of the record.

Argued December 10, 1896.  · Appeal, No. 128, Nov. T., 1896, by defendants, from order of Q. S. Schuylkill Co., July T., 1894, No. 27, refusing rule to show cause why the judgment should not be stricken off and the judgment opened and defendants let into a defense.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Affirmed.

This case was argued below and above with the preceding case, and the facts sufficiently appear by reference to the statement of the facts therein set forth.

*J. F. Monogur*, with him *J. W. Ryan*, for appellants.

*Wm. A. Marr*, for appellee.

·OPINION BY REEDER, J., February 16, 1897 :

This case is connected with and was argued, both in the court below and here, at the same time as that of the appeal we have just considered in the foregoing case, and the two cases were disposed of by the learned judge of the court below in a single opinion.   A motion was made in the court below to strike off the judgment for matters apparent upon the face of the record, the rule was discharged, and the appeal was taken from the decision of the court below on the discharge of the rule.

The bond in this case was a bond given to the commonwealth of Pennsylvania by Peter Joyce as principal, with Theodore F. Barrow, Thomas Pepper, Geo. Fluchr, G. M. Hadesty, and Adam Waldner as sureties. The bond was originally entered in the court of quarter sessions and contained a warrant of attorney authorizing the confession of judgment in accordance with the provisions of the act of Feb. 17, 1859. After the surcharge of Peter Joyce by the auditors with the sum of $484.48 the bond was certified from the court of quarter sessions into the court of common pleas and judgment entered on it by virtue of the warrant of attorney for the amount of $484.48. Peter Joyce was dead, at the time of the entry of the judgment upon this bond in the court of common pleas, and because of his death, as to him, the court below struck off the judgment, permitting the judgment to stand, however, as against the sureties. The case of Croadsdell v. Tallant, 83 Pa. 193, cited by the court below in support of this position, fully sustains it. The bond was not printed in the paper-books, and the learned court below declares that it was not before him at the time of the consideration of the argument, but we infer that the obligation of the sureties in this bond is coextensive with that which the bond imposed upon the principal, (which is, or should be the obligation in all official bonds : Boehmer v. County of Schuylkill, 46 Pa. 455). The court could not open the judgment or strike it off for any of the reasons contained in the petition as we have already decided in the case immediately preceding this, because the findings of fact by the auditors, unappealed from, were conclusive upon Peter Joyce and his sureties, except as to matters which were apparent upon the face of the record. There is nothing apparent upon the face of the record which would have justified the court in making this rule absolute. The court went as far as it was authorized to go in the application of the proper principles of law to the facts of this case when they struck off the judgment so far as it affected Peter Joyce. There was no error in its refusing to do more. The exceptions are dismissed and the judgment is affirmed.