## Koenig, Appellant, *v.* Currans Restaurant Co. et al.

346

Argued January 6, 1932.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey and Drew, JJ.

*George T. Steeley,* with him *Carr & Krauss,* for appellant.—The facts do not justify the court in striking off the judgment against the maker and the accommodation makers, John J. Small, Peter J. Shaughnessy, Albert S. F. Curran, David C. Clegg and Ray Curran: Croasdell v. Tallant, 83 Pa. 193; Lehigh Co. v. Gossler, 24 Pa. Superior Ct. 406; Geddis v. Hawk, 10 S. & R. 33; Rhoads v. Frederick, 8 Watts 448; Schock v. Miller, 10 Pa. 401.

The release of one of several joint debtors will not release the other joint debtors, where it is manifest that the intention was to confine the release to the one debtor: Burke v. Noble, 48 Pa. 168; Greenwald & Co. v. Kaster, 86 Pa. 45; Mortland v. Himes, 8 Pa. 265.

The judgment was improperly stricken from the record, therefore the order of the court quashing the attachment was in error.

*Peter P. Zion,* for appellees.—Where a note is drawn to maker's own order, it is not complete until endorsed by him: Augenbaugh v. Roberts, 4 W. N. C. 181; Vogt Farm Meat Products v. Egan, 8 Pa. D. & C. 550; Lewis v. Ash, 2 Miles 110.

The confession of a judgment by one of several joint obligors with the consent of plaintiff, merges the original contract, and is, therefore, a bar to a subsequent suit against the other debtors: Williams v. McFall, 2 S. & R. 280; Beltzhoover v. Com., 1 Watts 126; Shively v. U. S., 5 Watts 332; M'Fadden v. Hunt, 5 W. & S. 468.

OPINION BY MR. JUSTICE SIMPSON, March 11, 1932:

Plaintiff and the other individual defendants were jointly interested in the corporation defendant: $20,000 being needed to purchase a property for corporate purposes, plaintiff agreed to and did lend it, upon the faith of the execution and delivery to him of the following judgment note:

Phila., April 16, 1929.

One day after date I, we or either promise to pay to Carl F. Koenig the sum of Twenty Thousand Dollars, without defalcation, value received, with interest, payable every three months at 6% per annum: Provided, however, and it is hereby agreed, that if at any time default shall be made in payment of interest as aforesaid when the same falls due, then and in such case the whole principal debt aforesaid shall, at the option of the said payee, become due and payable immediately, and payment of said principal and interest may be enforced and recovered at once. And further, we do hereby authorize and empower any attorney of any court of record of Pennsylvania, or elsewhere, to appear for and to enter judgment against us for the above sum, with or without declaration, with costs of suit, release of errors, without stay of execution and with ten per cent added for collection fees; and we also waive the right of inquisition on any real estate that may be levied upon to collect this note, and do hereby voluntarily condemn the same, and authorize the prothonotary to enter upon the fi. fa. our said voluntary condemnation, and we further agree that said estate may be sold on a fi. fa., and we hereby waive and release all relief from any and all appraisement, stay or exemption laws of any state, now in force, or hereafter to be passed. Witness our hands and seals the day and date first above written." The note was duly signed and sealed by the corporation, by five other individuals, and by plaintiff himself, who became, therefore, one of its payors as well as its payee. Out of this latter fact the present controversy arises.

After the note fell due, plaintiff demanded payment of it, and, this being refused, he filed it of record, judgment was entered on it against all the makers, including himself, and he issued attachments execution thereon. The other defendants thereupon obtained rules to strike off the judgment and to quash the attachments. Being of opinion that, under the circumstances stated, plaintiff's

only remedy was in equity, in which forum, being already a plaintiff, he need not be made a defendant also, the court below made the rules absolute, and from those orders he now appeals. They must be reversed.

Two things plainly appear: (1) The obligation assumed by the makers of the note is not joint only, but is joint or several—"I, we or either of us promise to pay"; and (2) The objection sustained by the court below relates to procedure only, and does not affect the substantive rights and liabilities of either party in the slightest degree. We have repeatedly said that the rule that process to enforce a joint judgment must be joint is of a highly technical nature (Mortland v. Hines, 8 Pa. 265; Sheetz v. Wynkoop, 74 Pa. 198); has regard to the remedies only and not to the substantial rights of the parties (Miller v. Reed, 27 Pa. 244, 248; Bowman's Administrators v. Kistler, 33 Pa. 106, 111); has more of form than substance to it (Mortland v. Hines, supra) and "will not be allowed to be used so as to work injustice" (Sheetz v. Wynkoop, supra); yet this is the way appellees are asking to have it used here. Even in the case of a contract which is strictly joint, if one of the defendants confesses judgment on it, it will be held good as to him although no recovery can be had on it as against the other defendants: Williams v. M'Fall, 2 S. & R. 280; Shively v. United States, 5 Watts 332; Com. v. Rees, 3 Wharton 124, 128. In truth, the basis on which the opinion of the court below rests is one of the few survivals of the time when, in England, legal procedure followed along the lines of technical pleading, which has no place in our system of jurisprudence, rather than along those which would result in doing justice and equity as between the litigants before the court. A different question would arise if reversing the present orders would result in appellees being deprived of any of their rights; but the exact reverse is true.

In the early days of the Commonwealth, before we had a court of equity, a judgment at law was the only

recourse in a case of this kind, and the defendants who were jointly liable with plaintiff, were able, by an appropriate rule in that action, to protect themselves against an excess recovery. The right to so proceed still exists where, as here, there is no different procedure required by statute. See the authorities cited in "Equity in Pennsylvania," by Anthony Laussatt, Jr., 1 Penna. Bar Assn. Reports, page 221; "The Courts of Pennsylvania in the 16th Century," by Lawrence Lewis, Jr., Ibid., page 353; and "Pennsylvania Jurisprudence," by Hon. John W. Simonton, Ibid., page 3. It follows that should plaintiff attempt to collect from appellees, or any of them, more than their fair share of liability, those injuriously affected could prevent him from so doing by a suitable rule relating to the execution, whether plaintiff is or is not a defendant. Doubtless, also, under the chancery powers now vested in the courts, appellees could obtain needed relief in equity, if they preferred that method of procedure. This record fails to disclose, however, that the property rights of any of them are injuriously affected or threatened, and hence the only effect of now forcing plaintiff to proceed by a bill in equity to obtain that which appellees owe him, would be to delay him unnecessarily, despite the constitutional mandate to the courts to administer justice "without sale, denial or *delay*."

If the court below had refused to strike off the judgment, an appeal from that order would have been quashed, because appellees were not harmed by it (Hunter v. Pope, 289 Pa. 560; Pulling v. Yeager, 301 Pa. 7), their liability not being increased by its entry at law instead of in equity. Because of this, the court below should not have stricken off the judgment, for appellees' motion to have this done presupposes a contention that they will be injured by its retention, and the action of the court in striking it off, in the absence of a discretion on the point, which is not asserted and does not in fact exist, presupposes an adjudication that they would

be injured by its retention, which they would not have
been. It follows that the error of the court in striking
it off cannot possibly aid appellees' present contention.
It would be a serious reflection on our system of juris-
prudence, if any action by the courts would give one of
the parties a right which he did not otherwise have. In
suits founded on contracts, express or implied, the rights
of litigants must always depend entirely on the rela-
tions which they have established as between themselves,
and cannot be enlarged by the judgment, order or de-
cree of a court, which properly can have no other effect
than to adjudicate those relations.

The conclusion that the court below erred, is reached
from another cognate standpoint. The objection to be-
ing sued jointly with one who is also the plaintiff, is not
founded on any statute or public policy, but is a purely
personal matter which may be waived, and if the de-
fendants who are thus sued do not object prior to judg-
ment, they will not be permitted to do so thereafter.
Probably this would not be disputed if, after a trial, a
verdict was rendered and judgment entered thereon. It
is not the less so in the case of a confessed judgment,
which has all the incidents of a judgment entered on a
verdict: Hopkins v. West, 83 Pa. 109; Bradford v.
Frederick, 101 Pa. 445, 448. In the present case, by ex-
pressly agreeing that such a judgment might be entered,
in consideration of plaintiff loaning the $20,000 to the
corporation, appellees waived the privilege of objecting,
and are estopped to repudiate their waiver without first
repaying their full share of that sum. As we have al-
ready said, they have the right to object to plaintiff re-
covering from them more than in equity and good con-
science he is entitled to have; but this is the limit of
their right, and it relates only to recovery on or by vir-
tue of the judgment, and not to the right to the judg-
ment itself, which is the question we are now consider-
ing. Hence it lends no support to the orders under re-
view.

The cases cited by the court below and by appellees do not conflict with the conclusions stated, as a reference to them will clearly show. In Williams v. M'Fall, 2 S. & R. 280, we held that "the judgment confessed [in a suit upon a purely joint note] will stand against him who confessed it." The same conclusion is reached in Beltzhoover v. Com., 1 Watts 126, and in Shively v. United States, 5 Watts 332. In M'Fadden v. Hunt, 5 W. & S. 468, our review was of the proceedings at a trial, in which there was no confessed judgment. The same is true of Hall v. Logan, 34 Pa. 331, and Beaumont v. Sharpless, 45 Pa. Superior Ct. 575. In Southern Lime & Stone Co. v. Baker, 281 Pa. 587, the judgment was stricken off because "there was no warrant authorizing the entry of judgment against appellant." In Romberger v. Romberger, 290 Pa. 454, a judgment against two defendants was stricken off because there were two separate powers of attorney, one given by the maker and the other by the endorser of a note, and but a single judgment was entered against the two of them. This was the case also in Pasco Rural Lighting Co. v. Roland (No. 1), 88 Pa. Superior Ct. 245.

Both of the orders of the court below are reversed, the judgment and attachments execution are reinstated, and a procedendo is awarded.