# United Trading Corporation v. Scheetz

*J. I. McCormick*, for plaintiff.

*Cecil P. Harvey*, for defendant.

SLOANE, J., March 4, 1947.—This is an application to strike off a judgment entered by confession on a warrant of attorney contained in a bond accompanying a mortgage. Defendant and her husband, as obligors and mortgagors, gave their joint bond and mortgage in 1929 to a building and loan association.[1] By merger, succession, and assignment by the State Department of Banking in September 1945 the bond, warrant, and mortgage came into the hand of present plaintiff. Defendant's husband had died in May 1945; judgment was entered on the bond, by confession, against defendant alone, in October 1946.

Defendant assigns two reason in her application to strike the judgment: First, that it could not be entered against her alone since the bond and warrant were

---

[1] It was a typical building and loan association bond and mortgage, which recited that the obligation was due in one year, though actually payments were to be made monthly for as many months as might be required for the building and loan shares purchased as collateral security to the mortgage, to mature. There is no doubt, however, that there was default by the obligors.

joint; and second, that the damages, including interest and attorney's fee, were assessed in excess of the $5,000 penal sum in the bond.

The important question in the case is raised by the first objection: Where a joint bond with joint warrant of attorney to confess judgment has been given by two obligors, and one of them dies, may judgment be entered by confession against the survivor alone? It is not questioned that both the obligation and the warrant were joint, being given by "Charles N. Scheetz . . . and Lillian M., his wife, as tenants by entireties", and all the undertakings and authorizations are in the plural—"we", "us", "our heirs", etc., being used throughout.

It is my opinion the judgment should be stricken off for the first assigned reason.

The right of the prothonotary to enter judgment upon a confession is by virtue of the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, §28, 12 PS §739, and this authority must be strictly construed. "A judgment by confession can be sustained only by a warrant authorizing it at the time and in the manner and form in which it is entered (citing cases) ": Beers et al. v. Fallen Timber Coal Co., 307 Pa. 261, 264; Romberger, to use, v. Romberger et al., 290 Pa. 454, 456.[2] Here defendant and her husband gave a joint bond and warrant authorizing confession of judgment against them jointly and not otherwise. The death of defendant's husband made it impossible to enter a confessed judgment as to him— ". . . the warrant to confess having lost its efficacy when the maker died": Stucker v. Shumaker, Executrix, 290 Pa. 348, 351, and, in logic, no authority for entering it against defendant

---

[2] This is a converse case: "The judgment was void on its face as there was no right to enter a judgment against two individuals upon a separate warrant of attorney executed by each." (p. 456) See also Lewis v. Ash, 2 Miles 110 (1837).

alone can be found. To permit it is to upset the competence and weaken the substantive base of the incisive rule as to judgments by confession: Beers et al. v. Fallen Timber Coal Co., supra.

I would be avoiding cases if I did not say there appears to be precedent in our Commonwealth allowing it to be done. But I do not think we ought to accept or trust the conclusion of these cases without parsing it. And it appears to me that though the proposition is seemingly self-evident, an examination of the cases in which judgment against one of joint obligors, where the other was dead, was permitted, shows they are based on a misconception and misinterpretation of the holding and the meaning of the early case of Croasdell v. Tallant, 83 Pa. 193 (1876).

In Croasdell v. Tallant the note in question was joint *and several*, but the accompanying warrant of attorney to confess judgment was joint only. After the death of one maker of the note judgment was entered against the two survivors. The court refused to strike off the judgment. It said that the warrant could have been construed to be several, but that plaintiff chose to treat it as joint and that therefore the court would decide the case from this viewpoint (p. 195):

"It would scarcely be a departure from its *true intent* to construe the warrant to be several as well as joint. But treating it as joint, as the plaintiff did, we are not disposed to follow the English case of Gee v. Lane, 15 East 592. The theory of judgments according to the English law has been so greatly changed in Pennsylvania by legislation, it will not do to follow English precedents too implicitly . . . we must treat this case as one to be governed by the intent of the warrant, rather than by English decisions." (Italics supplied.)

The case therefore actually goes no further than to allow judgment by confession against survivors where the obligation is joint and several, and the warrant of attorney joint only.

In the cited English case, Gee v. Lane, 15 East 592, 104 English Reports (full reprint) 967, it was held that where the warrant to confess judgment was joint, judgment could not be confessed against a surviving maker though the bond-obligation was joint and several: "The authority must be pursued: we cannot violate it." This English rule is followed in certain American jurisdictions though apparently not here. See Annotations in 44 A. L. R. 1314 and 89 A. L. R. 403; 31 Am. Jur. 118, §489.

There are lower court cases that to me misconstrue the holding of Croasdell v. Tallant and permit entry of judgment against a survivor where the obligation as well as the warrant of attorney was joint. Thus, in Pantal, to use, v. Spears, 29 Pa. C. C. 102, one of three makers of a joint judgment note died, and decedent having paid the note in his lifetime, his administrator entered it up against the survivors. An application to strike the judgment was refused. The court said the judgment was not irregular on its face, citing Hartman v. Hesserich, 8 W. N. C. 483, and Croasdell v. Tallant, supra. The judgment was, however, opened to allow defendants to make the defense that they were merely sureties for decedent. Hartman v. Hesserich, 8 W. N. C. 483, was a common pleas case, in which a rule to strike off a judgment confessed against two survivors of three makers of a note was discharged. The note was joint, but it was stipulated that the survivors had been sureties for decedent. The case was decided without opinion.

I will not treat Williams v. Smith, 38 D. & C. 283, with silent neglect. It is relied on by present plaintiff, it presents a situation with general likeness to the case in hand, and the motion to strike off the judgment was refused. In that case a bond with joint authorization to confess judgment was given by Anthony Smith and Ida Smith, and judgment was confessed against Ida

Smith alone after the death of Anthony Smith. It does not appear whether the obligation as distinct from the warrant of attorney was joint only; the warrant was joint. Nor does it appear that the obligation was that of husband and wife as tenants by entireties. The court depended on Croasdell v. Tallant and Woodward v. Carson, 208 Pa. 144, and held the judgment good.

In the last-mentioned case, Woodward v. Carson, the court below refused to strike or open a judgment entered against the survivor where the obligation and the warrant of attorney to confess judgment were both joint. The Supreme Court reversed, holding the judgment should have been opened, though not stricken. In that case the circumstances were unusual, and the principal application of defendant was to open rather than to strike off the judgment. This judgment had been entered almost 20 years after the making of a joint note by defendant and his father, and after the death of the father. Almost 13 years after the entry of the judgment, execution was issued, and it was only then that the applications to open and to strike were filed. The Supreme Court considered the merits of the controversy at length, and said, though not with random observation yet almost parenthetically (p. 145-6) :

"In the present case the note was made by the appellant and his father and at the time of the entry of the judgment the father was dead, but notwithstanding his death the appellee had full warrant for entering his judgment: Croasdell v. Tallant, 83 Pa. 193."

Croasdell v. Tallant thus is again cited as authority for entering judgment by confession against a survivor of joint makers without calling attention to its limited holding—that it is where the obligation is joint and several though the warrant is joint only, that judgment by confession may be entered against the survivor.

The cited precedents seem to me to be inadequate to sustain plaintiff's position here, that we may go against the plain and unequivocal words of both the obligation and the warrant. As expressed in the early case, Hunt v. Chamberlin, 8 N. J. L. 336, 338 (1826) :

"They were willing to stand *together* in judgment, and to meet an execution by their joint means and exertions. But it gives no authority for placing one of them in judgment *by himself*, and leaving him all alone to breast an execution for the whole sum, while the means and estate of the other remains untouched and undisturbed."

There the warrant and confession were "against us". In our case the wording in both bond and warrant is as strong and with limitation: "we . . . as tenants by entireties." This might indicate a limitation of plaintiff's right to satisfaction out of property owned by the entireties, and after the death of one, to property acquired in that manner by the survivor, while a general judgment would subject defendant's separate property to execution as well as property which passed to her by virtue of a tenancy by the entireties. However this may be, the judgment should in any event be stricken for lack of proper authorization for its entry.

A consideration of the remaining objection—that judgment was entered in an excessive amount, exceeding the penal sum of the bond—becomes unnecessary. I will say just this: This objection would not have justified striking the judgment; it could be cured by amendment or, if necessary, the judgment opened. See Harr et al. v. Furman, 346 Pa. 138, 144 A. L. R. 828, Annotation beginning 830; Noonan, Inc., v. Hoff, 350 Pa. 295, 299.

Rule absolute; the judgment is stricken.