The Kingston National Bank, Appellant, *v.*
Walters et ux.

Argued March 2, 1948; reargued September 30, 1948.
Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross,
Arnold and Fine, JJ.

*Hopkin T. Rowlands,* for appellant.

*Daniel J. Flood,* with him *James L. Brown,* for appellees.

OPINION BY RHODES, P. J., January 14, 1949:

This is an appeal from an order of the court below striking off a judgment entered by a prothonotary on a confession of judgment in a note. The note in the amount of $1,080, dated April 11, 1939, was signed by David F. Walters and Jessie T. Walters, who were in fact husband and wife. On the same day, it was assigned to the Kingston National Bank, which had judgment entered against both makers on February 6, 1947, and thereupon issued execution. The obligation read, "we promise to pay," etc., and was by its terms joint. The confession of judgment apparently follows the tenor of the obligation.[1] The defendant Jessie T. Walters filed a petition to open the judgment, and also a petition to strike off the judgment. The petition to strike off the judgment set forth that David F. Walters, the husband, had died on May 30, 1943, and it was therein alleged that because of his death there was no authority for the entry of judgment against either or both of the defendants. The court below sustained the wife-defendant's contention and struck off the judgment. This appeal was then taken by the Kingston National Bank.

The judgment was not confessed by virtue of warrant of attorney, but it was entered by the prothonotary under section 28 of the Act of February 24, 1806, P. L.

---

[1] The note reads in part as follows:

"Kingston, Pa., Apr. 11, 1939

"May 10, 1939, after date we promise to pay to the
"order of Wm. L. Morgan at
    "The Kingston National Bank

"$1080.00
"Ten hundred eighty ——————————Dollars
"without defalcation, for value received; and confess
"judgment for the above sum, together with interest, . . ."

334, 4 Sm. L. 270, 12 PS § 739, which provides that "It shall be the duty of the prothonotary of any court of record, . . . on the application of any person, being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed, . . . to enter judgment against the person or persons who executed the same, . . . ." See *Noonan, Inc., v. Hoff*, 350 Pa. 295, 298, 38 A. 2d 53. It is the rule that a judgment entered by confession after the death of the maker will be stricken off. *Kummerle v. Cain*, 82 Pa. Superior Ct. 528; *Stucker v. Shumaker*, 290 Pa. 348, 351, 139 A. 114.

In our opinion, the present appeal is determined by the Supreme Court's decision in *Croasdell v. Tallant*, 83 Pa. 193. In that case the note was signed by three makers, and the obligation was by its terms joint and several. After the death of one of the three makers of the note, judgment was entered against the two survivors. The warrant of attorney to confess judgment was joint only. A rule was obtained to show cause why the judgment should not be stricken off, for the reason that the power to confess judgment was a joint power, and, after the death of one, did not authorize the entry or confession of judgment against the other two makers, or either of them, as survivors. The court refused to strike off the judgment, and the Supreme Court affirmed the judgment, stating in a per curiam opinion, in toto, as follows (83 Pa. 193, 195):

"The warrant of attorney in this case was treated as joint by the plaintiff, and judgment entered against the two survivors. The obligation, however, was joint and several, and the warrant of attorney a part of it and a mere continuation of the instrument before the signatures. It would scarcely be a departure from its true intent to construe the warrant to be several as well as joint. But treating it as joint, as the plaintiff did, we are not disposed to follow the English case of Gee v. Lane, 15 East 592. The theory of judgments accord-

ing to the English law has been so greatly changed in Pennsylvania by legislation, it will not do to follow English precedents too implicitly. The Act of 21st March 1872 required the day of the month and year to be noted by the person signing judgments, and gave them effect only from that time, contrary to the custom by which they related to the first day of the term. By the Act of 6th April 1830, judgments against one of several joint obligors, copartners, promising, &c., shall not bar suits against those not served, nor those amicably confessing bar. By the Act of August 2d 1842, § 6., judgments against defendants at different times are made valid, and a scire facias may be issued to revive them as of the day of the last entry. And by the Act of 11th April 1848, § 5, a judgment recovered against one of several copartners, joint and several obligors, &c., without a plea in abatement, shall not bar a subsequent suit against others not parties; and by the 3d section the death of one of the defendants shall not discharge his estate. Looking then to the wide departure of our law from the English rules affecting judgments, and also to the fact that the prothonotaries may, under the Act of 1806, enter judgment on a bond and warrant of attorney, and without the intervention of an attorney and confession of judgment, we must treat this case as one to be governed by the intent of the warrant, rather than by English decisions." [2]

In *Woodward v. Carson*, 208 Pa. 144, 146, 57 A. 342, a judgment by confession had been entered, after the father's death, on a note executed by a father and his son.[3] It was held that the court below should have

---

[2] As to the suspension of Acts, or parts thereof, mentioned in the above opinion, inter alia, see Pa. R. C. P., No. 2250. See, also, Rule 2229, Pa. R. C. P.

[3] From the paper books in that case it appears that the obligation and the confession were joint. The note read as follows: "Ten days after date we promise to pay Byron Woodward his executors, administrators, or assigns, the sum of Six hundred & ten dollars—

granted defendant's rule to open as thirty-three years had elapsed since the original entry. Although the question was not expressly raised, the Supreme Court pointed out (208 Pa. 144, 146) that judgment by confession was properly entered against the son as maker, after the father's death, citing *Croasdell v. Tallant*, supra, as authority. *Croasdell v. Tallant* has been cited or followed in *Hartman v. Hesserich*, 8 W. N. C. 483; *Com. v. Joyce*, 3 Pa. Superior Ct. 616, 617; *Pantal v. Spears*, 29 Pa. C. C. 102; *Williams v. Smith*, 38 Pa. D. & C. 283. Other cases adhere to the English rule, as announced in *Gee v. Lane*, 15 East 592, 104 English Reports (full reprint), 967, and hold that the warrant must be strictly construed, and that, where the warrant is joint, judgment cannot be entered against the survivor or survivors in the case of the death of one or more of the obligors. *United Trading Corporation v. Scheetz*, 59 Pa. D. & C. 231; *DeSipio v. DeSipio*, 64 Pa. D. & C. 128; *Hunt v. Chamberlin*, 8 N. J. L. 336; Annotations, 44 A. L. R. 1314, 89 A. L. R. 403. See *Farmers Exchange Bank v. Sollars*, 353 Ill. 224, 187 N. E. 289, 89 A. L. R. 398, and *Irwin et al. v. Rawling*, 141 S. W. 2d 223 (Mo. App.), where warrants which were somewhat ambiguous were construed to be joint and several like the obligations involved, thus permitting judgment to be confessed against the surviving obligors.

The court below relies on *United Trading Corporation v. Scheetz*, supra, 59 Pa. D. & C. 231, in which it was held that *Croasdell v. Tallant* was not controlling where both the obligation and the warrant were joint. In the *United Trading Corporation* case the bond had been signed by husband and wife as tenants by entireties,

without defalcation for value received. And we do hereby confess judgment unto the said Byron Woodward for the said sum; and we do hereby authorize any prothonotary, clerk or attorney of any court of competent jurisdiction to enter up this judgment against us, and in favor of the said obligee, . . ."

and had been entered against the wife alone following the husband's death. The judgment, so entered on the bond by confession, was stricken off.

But, as we view it, the Supreme Court, in *Croasdell v. Tallant,* definitely announced the rule that treating the warrant or authority as joint, without regard to the nature of the obligation, judgment could be confessed and entered against the survivor alone, and this because various statutes in Pennsylvania greatly enlarged the rights of judgment creditors beyond those prevailing under the English law as announced in *Gee v. Lane,* supra, 15 East 592. In *Gee v. Lane,* as in *Croasdell v. Tallant,* the obligation was joint and several, and the warrant in terms joint only. If the court had construed the warrant to fit the obligation in each case, there would be no necessity to interpret the warrant separately.

Although it is proper to strike off a judgment entered by confession or on a warrant of attorney after the death of the debtor, the legal liability of the present survivor remains, and an insuperable obstacle to its fulfillment will not be interposed. See *Miller v. Reed,* 27 Pa. 244; *Lanning v. Pawson,* 38 Pa. 480; *Shallcross v. Smith,* 81 Pa. 132; *Ackerman's Appeal,* 106 Pa. 1; *Koenig v. Currans Restaurant and Baking Co.,* 306 Pa. 345, 349, 159 A. 553; *Lit Brothers v. Goodman,* 144 Pa. Superior Ct. 43, 48, 18 A. 2d 519.

The order striking off the judgment is reversed, and the judgment is reinstated as to Jessie T. Walters.