## Farrell v. Farrell

*John J. Collins,* for plaintiff.
*Edward J. McGlinchey,* for defendant.

KELTON, *J.,* March 21, 1980—In the order which follows we are overruling defendant's preliminary objections to plaintiff's complaint.

Plaintiff, Joan K. Farrell, has filed a complaint "in trespass and assumpsit" averring that she and defendant John E. Farrell are husband and wife who live at separate locations in Bucks County. The parties are husband and wife and no action for divorce or annulment has been filed by either party. In Mrs. Farrell's first cause of action, she avers that Mr. Farrell, on or about January 19, 1979, without her permission, appropriated $4,958.10 from the parties' bank account at the Hatboro Federal Savings and Loan Association. Mrs. Farrell has averred that her husband's action constitutes a severance of the parties' entireties interest and she has demanded judgment against her husband for one-half of the account balance.

The second cause of action alleges a similar transaction with reference to a joint checking account in an undetermined amount at the Cheltenham Bank and in her prayer for relief Mrs. Farrell demands that her husband be directed "to account fully to the plaintiff in order that the plaintiff may have judgment for the amount shown to be due her for such account."

The third cause of action seeks punitive damage for alleged wilful and malicious retention by defendant of certain items of tangible personal property.

Defendant's preliminary objections concede, as they must, that under cases such as Lindenfelser v. Lindenfelser, 383 Pa. 424, 427, 119 A. 2d 87 (1956), one spouse is permitted to bring an action *in*

*equity* to protect her separate former entireties property in spite of the prohibitions of the Married Women's Property Act of June 8, 1893, P.L. 344, as amended by the Act of March 27, 1913, P.L. 14, 48 P.S. §111. Defendant argues, however, that such an action must be brought only in equity and not in an action at law.

We reject this contention. It has always been clear under Pennsylvania law that the fact that chancery or equity powers have been conferred upon the court with respect to certain matters does not mean that the courts are deprived of their jurisdiction at law. Legal remedies and the equitable remedies are frequently concurrent. A plaintiff is entitled to elect to proceed at law for money had and received or for unjust enrichment to recover his or her interest in funds which are being held improperly by a defendant or which a defendant has converted to his own use. See Aycimena v. Peries, 6 W. & S. 243, 257 (1843): "We therefore perceive no obstacle in the way of the plaintiff from the concession [by defendant] that he may have relief on the equity side of the court. They are concurrent remedies, either of which he may pursue at his election." See, also, Koenig v. Currans Restaurant Co., 306 Pa. 345, 350, 159 Atl. 553 (1932):

"Doubtless, also, under the chancery powers now vested in the courts, appellees could obtain needed relief in equity, if they preferred that method of procedure. This record fails to disclose, however, that the property rights of any of them are injuriously affected or threatened, and hence the only effect of now forcing plaintiff to proceed by a bill in equity to obtain that which appellees owe him, would be to delay him unnecessarily, despite the constitutional mandate to the courts to administer

justice 'without sale, denial or *delay*.'" (Emphasis in original.)

We therefore hold that when one tenant by the entirety has been totally excluded from possession of a joint bank account and other property by her spouse, she may appropriately seek relief in an action at law to recover her interest in the improperly converted property. Accordingly, we enter the following

### ORDER

And now, March 21, 1980, defendant's preliminary objections to plaintiff's complaint are overruled with leave to file a responsive pleading within 20 days after this date.