## ANSEL P. LESURE *vs.* GEORGE W. NORRIS.

The plaintiff, one partner of a firm, upon a dissolution thereof, sold all his interest in the property and debts due the firm to the defendant, the other partner, and the defendant gave the plaintiff a promissory note and a bond of indemnity against the liabilities of the firm. *Held,* that the defendant could not set off against said note an account due from the plaintiff to the firm, at its dissolution.

ASSUMPSIT upon a promissory note, the execution of which was not denied, but the defendant filed an account in set-off,

and paid the balance into court. The presiding judge of the court of common pleas, *Merrick*, J. ruled, upon the facts proved at the trial, the most material of which are stated in the opinion, that the account in set-off could not be allowed, and the verdict was for the plaintiff. The defendant alleged exceptions.

*B. F. Butler*, for the defendant.

*A. R. Brown*, for the plaintiff.

MERRICK, J. The account filed in set-off by the defendant is an account which was properly charged to the plaintiff on the books of Norris and Lesure, while the parties to the present action were doing business as livery stable-keepers, in partnership under that name. The defendant claims that it is a debt now due solely to himself. From the statement accompanying the exceptions, and the papers there referred to, it appears that on the 21st of March, 1849, the plaintiff, by his written bill of sale, sold and transferred all his interest in the property and debts due and belonging to the company to the defendant, and received from him in payment therefor, the promissory note now in suit, together with a bond of indemnity against all their joint liabilities. It is not suggested that they have since had any connection in business with each other.

The sale to the defendant, under the circumstances stated, was a dissolution of the copartnership. · *Taft* v. *Buffum*, 1 Pick. 322. It was also in effect an adjustment by the partners, as between themselves, of all its concerns and a division and appropriation of everything belonging to it. Nothing further remained to be done to effect a complete settlement between themselves. By the bill of sale, the plaintiff transferred all his interest in the company property, including debts which were due, to the defendant, and the latter thereby became sole owner of the whole. The interest which any partner has in the effects, rights, and credits of a solvent partnership, is the share or proportion of them which he will be entitled to receive upon a final adjustment and liquidation of its concerns. Whatever stands properly charged to him on the company books, whether it be regarded as a debt due, or

28 *

perhaps, more correctly as evidence, that he has withdrawn already a certain amount of the capital invested, or of the profits earned, is first to be deducted, and will, to that extent, diminish the share he is to receive. His interest in the concern is only the balance remaining after such deduction has been made.

The balance, therefore, is what was conveyed to the defendant by the bill of sale executed by the plaintiff. It was his interest in the company property, and that was his share of its assets which remained after deducting the amount charged to him on the books of Norris and Lesure. That charge was extinguished by the transaction between the parties, because it was in effect an entire adjustment of it. There was no occasion, therefore, to make any entry upon the books in relation to the amount, because the general liquidation and settlement, rendered attention to its details unimportant and immaterial. It is not pretended that there was any particular assignment of the amount in question to the defendant, and it clearly did not pass as any part of the interest of the plaintiff in the assets of the company. The ruling, therefore, of the court below, that the defendant could not avail himself of the account in set-off to the plaintiff's action was correct, and the verdict was rightly taken for the amount due on the note demanded.                    *Exceptions overruled*