## Klase *versus* Bright.

1. Bright sold out to Klase, who was his partner, took his notes for the purchase-money and transferred them, still retaining the ownership, to Dye, who retransferred them to Bright. Suit was brought, Bright, to Dye's use, against Klase. Afterwards Dye settled with Klase, allowing Bright's alleged indebtedness on the partnership ; a note for the balance from Klase to Dye was put into his attorney's hands ; he was notified by Bright not to deliver it to Dye. *Held,* that the settlement did not prevent a recovery by Bright in the suit against Klase.

2. Klase, having given no value, was not prejudiced by the settlement with Dye, he not owning the note ; the suit being to the use of Dye, did not estop Bright from repudiating Dye's settlement.

3. In this action evidence of partnership debts paid by Klase, was not admissible as set-off.

4. Whether Bright was indebted on account of that payment could be

[Klase *v.* Bright.]

ascertained only by account render or bill in equity between the partners; not in assumpsit.

5. Bright sold to Klase his "right, title and interest" in the firm: a mill mentioned in the agreement as part of the firm property, was sold by the sheriff as the property of a third person. *Held,* that Klase could not defend for a failure of consideration, his knowledge of ownership being the same as Bright's; and Bright sold his *right* only.

March 7th 1872. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Schuylkill county:* No. 108, to January Term 1871.

The action in this case as appeared on the record was: "William H. Bright for the use of D. Martin Dye *v.* Abraham Klase. Summons in assumpsit on promissory note, issued January 29th 1869."

The first count of the declaration was that Bright for the use of Dye complained of Klase, that the defendant on the 18th of April 1868, made his promissory note and delivered it to the plaintiff and thereby promised to pay him $1000 in 9 months.

Another count was that Klase made his note on the 18th of April 1868, and promised to pay at the Dimes Savings Institution to William H. Bright or order $1000, and that Bright before the payment of the note, "to wit on the day and year aforesaid," endorsed the note and thereby ordered the money due on it to be paid to D. Martin Dye, &c., and that when it became due neither Bright nor Klase paid the note or had paid it since.

The note was as follows:—

"$1000.                          Ashland, Pa., April 11th 1868.

Nine months after date I promise to pay to the order of Wm. H. Bright at the Dime Savings Institution one thousand dollars, without defalcation or discount, value received.

Credit the drawer.                          ABRAHAM KLASE.

Endorsed—Pay to order of D. Martin Dye. August 24th 1868.
                                        WM. H. BRIGHT."

Additional counts were filed August 8th 1870; from the paper-book it appeared that they were declared on in the name of Bright for the use of Dye.

The defendant pleaded, "non assumpsit, payment, set-off with leave, accord and satisfaction."

The case was tried September 23d 1870, before Ryon, P. J.

The plaintiff gave in evidence the note; also paper dated April 29th 1869, transferring the note from Dye to Bright, and rested.

The defendant gave in evidence an agreement dated April 18th 1868, between Bright and Klase, whereby Bright sold to Klase "all his right, title and interest to a certain leasehold interest" in ground belonging to the Girard estate, with all the personal property, &c., being mules, &c., lath-mill, &c. In consideration Klase

agreed to pay $5000 in payments as set out in the agreement, $500 to be paid in hand, Klase and Bright being partners in the leasehold and property of which he conveyed his interest by this agreement.

The defendant then offered to prove :—

1. That he had paid Martin Dye, in full, the balance due upon the note in suit.

2. That the consideration for that note has failed to the extent of the value of a half interest in a lath-mill.

3. That at the time this note was given, it was agreed that the consideration for the same should be the half interest of said Bright in certain partnership property, theretofore owned by said Bright and said defendant in partnership, and that the said Bright would make good a title to one-half interest in the same free and clear from one-half the debts then owing by the said partnership, and which was then composed of the said Bright and said defendant. That the said Bright failed to keep said half interest clear as aforesaid, and that in consequence the defendant was bound to protect the same by the payment of debts of said firm to the extent of $1000 and upward.

4. That the defendant has, since giving said notes, paid over $1000 of firm debt of said partnership, one-half of which Bright agreed he would pay but failed to do so: defendant claims to set off that half against the plaintiff.

The court rejected the offer and sealed a bill of exceptions.

The defendant testified that he had met Dye at the office of Mr. Spinney, the attorney of defendant; Dye wanted a settlement; defendant said they could settle if his offsets against Bright were allowed; it was agreed to allow them, and they settled; the note in suit being included in the settlement; the defendant gave his note for $600, at ninety days; defendant, Mr. Spinney and Mr. L'Velle, Dye's attorney, afterwards examined the docket; defendant gave the note to Mr. L'Velle and took a receipt; this was on the 22d of August 1869. The lath mill on the premises was sold by the sheriff as the property of C. R. McGinley.

On cross-examination he said he was not told that Dye had retransferred the note to Bright; on the 24th Mr. L'Velle told him that a notice had been served on him (L'Velle) to hold the note, and he would do so till the matter was decided; "the judgment was satisfied."

Dye testified as to settlement with Klase: "We summed up the offsets and struck a balance; I did not think of this transfer (of April 29th 1869, given in evidence by plaintiff) at the time, was the reason I did not inform Klase; I hesitated signing it; Bright said the notes were worth nothing unless I signed it. He did not pay me anything."

On cross-examination he said that Mr. L'Velle, his attorney,

[Klase v. Bright.]

wrote to him that there was some transfer. Klase did not pay him anything.    At the time of the transfer he gave Bright a note and check which Bright handed to him again.

The defendant then offered to prove "that certain paper vouchers, &c., were the same papers which were presented at the settlement between Klase and Dye, and from which Klase's claim was made up, and the deductions from the face of the note allowed made, for the purpose of showing that the settlement consisted of bonâ fide claims, and that the settlement was a fair one."

The defendant offered a statement of the claims mentioned in the last offer.    The offers were rejected by court, and bills of exceptions sealed.

In rebuttal Bright testified that Dye said he knew he had no interest in the notes; he had no interest in the notes when they were retransferred; "I transferred them to Dye, thinking that Klase would pay them without protest; he had possession of them only for the time being when this transfer took place; the notes were in the hands of H. S. Marr, Esq.    I put the transfer into the hands of my lawyer. * * * I handed back the note and check to Dye in half an hour.    I did not bring suit in the name of Dye to cut out Klase from any offsets."

W. A. Marr, Esq., testified that he brought suit on the note; a considerable time after suit he told Mr. Spinney, the attorney of Klase a year before the settlement, that Bright had a retransfer, and witness intended to have Dye's name stricken from the record; Klase told witness that Mr. Spinney had told him; the note had been in possession of witness ever since suit was brought. He told Bright to bring suit in Dye's name and get a transfer.

A. P. Spinney, Esq., Klase's attorney, testified that Mr. Marr told him that he thought he would have the record changed, as Bright had paid Dye.

M. M. L'Velle, Esq., attorney for Dye, testified that when Mr. Marr notified him to hold the $600 note, he showed him and Mr. Spinney, Dye's transfer to Bright.    Witness entered satisfaction on two judgments.

There was evidence also by C. R. McGinley, that Klase and Bright had paid for the lath-mill, and that he was to run it and have a portion of the lath.

The defendant requested the court to charge :—

1. That the record shows that the suit was brought for the benefit of D. Martin Dye, and that the additional declaration filed on the 8th of August 1870, showing a special endorsement by Bright to Dye, is a declaration made in this suit at that time; that the note belonged to D. Martin Dye, and was sufficient authority to warrant Klase in making a settlement with said Dye.

2. If they believe that the settlement made by Klase with D.

[Klase *v.* Bright.]

Martin Dye was without notice of any re-assignment by Dye to Bright, their verdict must be for the defendant.

3. That if Bright transferred these notes to Dye to cut out any defence that Klase might be able to make to the notes in the hands of himself (Bright), then Bright is estopped from denying the right to Dye to settle with Klase until after a retransfer by Dye to him and notice to Klase of that fact.

4. That if any such notice had been given to Klase's attorney, and that afterwards the attorney for Bright filed the additional count to the *narr.* of 8th of August 1870, therein averring that the said suit was for the use of said Dye, the said Klase had a right to treat said notes as belonging to said Dye until another and further notice had been given him.

The court charged :—

" The settlement with Dye is no prejudice to Klase. No money was paid by Klase, and the note has not been delivered to Dye, but was held by the notice from defendant's counsel not to hand over the $600 note until the question between Bright and Dye as to the ownership of the notes was arranged. This note is now held by Mr. L'Velle at the notice of the plaintiff and defendant. Nothing, therefore, has been done to Klase's prejudice.

" As to the notes, they always belonged to Bright. The delivery to Dye was a mere pretext, and never passed away title, but the subsequent assignment by Dye to Bright being long before this settlement, passed all Dye had in the note to Bright, if Dye had any interest.

[" The record of the suit against Klase was to the use of Dye, but Klase's attorney notified Klase in accordance with notice from Bright's, that Bright had got the transfer of the notes from Dye. This was long before this settlement between Klase and Dye. It is therefore with notice that Mr. Klase made this settlement with Dye that Dye had no interest in the notes. Dye did not have the notes at the time of this settlement with Klase, and Klase acted with his eyes open. Notice to Klase's attorney is notice to Klase.]

[" In regard to the sale of the lath-mill, Mr. Klase swears that Bright and Klase paid for the mill, and McGinley swears that he was to have an interest in it. If McGinley had an interest in the mill, Klase knew it as well as Bright at the time Bright sold out to Klase. If McGinley had an interest Klase was not injured by the sale, and therefore the sale by the sheriff is not defence.]

[" Upon the whole evidence, the plaintiff is entitled to recover.] This makes it unnecessary to answer the defendant's points more specially."

The verdict was for the plaintiff for $1116.87.

The defendant removed the record to the Supreme Court, and assigned for error :—

[Klase *v.* Bright.]

1–3. The rejection of defendant's offers of evidence.

4–7. Not affirming defendant's points.

8–10. The parts of the charge in brackets.

*F. G. Farquhar* and *F. W. Hughes*, for plaintiff in error.—Plaintiff could not contradict the record that Dye was the owner of the note: Ranck *v.* Becker, 12 S. & R. 426; Kelly *v.* Eichman, 3 Whart. 419; 1 Greenlf. Ev., § 27. Klase's knowledge of McGinley's interest in the lath-mill did not estop him from setting up a failure of title: Uhler *v.* Sanderson, 2 Wright 128.

*J. W. Ryan* (with whom were *Marr Brothers*), for defendant in error.—Unsettled partnership-accounts could not be set off: Ozeas *v.* Johnson, 4 Dall. 434; Andrews *v.* Allen, 9 S. & R. 241; Russell *v.* Miller, 4 P. F. Smith 154.

The opinion of the court was delivered, October 23d 1872, by

WILLIAMS, J.—The settlement, shown to have been made by the defendant with Dye, for whose use this action was brought, gives rise to the principal question in the case. The plaintiff alleges that it was collusively made after notice to the defendant that the note in suit belonged to him, and that Dye had no interest or property in it. The defendant denies that he had any such notice when he settled with Dye, and for this reason insists that the settlement is valid and binding on the plaintiff. The positive testimony given on the part of the plaintiff, and the circumstances under which the settlement was made, strongly tend to show that the defendant made it with full notice of the plaintiff's ownership of the note; and if the case turned on the answer to the question, whether he had such notice or not, it should undoubtedly have been submitted to the jury for their determination as a matter of fact. As the evidence was conflicting, the court could not determine the fact without trenching on their province. But as it respects the validity of the settlement, it seems to us that the case does not turn on the fact of the alleged notice. It might, if the defendant had been prejudiced by the settlement in any way; but it is manifest that he was not. It is clear beyond all doubt that the note belonged to the plaintiff at the date of the settlement, and his right to it is not questioned by the defendant. Dye had no interest in it, and never had any. Its endorsement to him was merely colorable, and was not intended to pass the property; and long before the settlement he had formally retransferred it to the plaintiff. He was examined as a witness in relation to the settlement, and did not pretend that he had any right or claim to the note, and the only excuse which he gave for not informing the defendant of its transfer to the plaintiff was, that he did not think of it at the time. He did not have possession of the note, and it

21 P. F. SMITH—13

[Klase *v.* Bright.]

was not surrendered to the defendant when the settlement was made. It was in the hands of the plaintiff's attorney, by whom the suit was brought. The defendant did not release any right, or give anything of value to Dye in consideration of the settlement. It is true, that he handed to L'Velle, who acted as Dye's attorney in the transaction, his note at ninety days for $600, but it is still held by L'Velle upon notice not to deliver it to Dye until the rights of the parties have been determined. Why then should the defendant be allowed to set up the alleged settlement with Dye as a defence to the note against the plaintiff? What if the suit was brought for the use of Dye? If he was not the real owner of the note, he had no right to settle or compromise the suit, and if the defendant was not prejudiced by the settlement, as he clearly was not, he has no right in equity or justice to set it up as a bar to the plaintiff's action. If he had released any right, or paid anything of value as a consideration of the settlement, the case would be different. He might then say that the plaintiff had misled him to his prejudice by bringing the suit for the use of Dye, and that having settled with him in good faith, and paid him a valuable consideration, the plaintiff was estopped from denying his right to make the settlement. But as it is, he. has no foundation for such an estoppel. If he was misled, it was not to his hurt, for he has not parted with anything of value. The note which he gave to L'Velle is still in his hands abiding the result of this controversy. To allow the defendant, under the circumstances, to set up the settlement as a defence to the plaintiff's action would contravene the plainest principles of equity and justice. Even if a judgment had been obtained against the defendant for the amount of the note before the settlement was made, and it had been satisfied of record by Dye's attorney, a court of equity, on proof of the facts, would order the entry of satisfaction to be stricken off, and compel the defendant to pay the plaintiff the amount of the judgment: McClurg *v.* Wilson, 7 Wright 439. There was then no error in the refusal of the court to charge that if the jury believed that the settlement made by the defendant with Dye was without notice of the plaintiff's ownership of the note, or of its re-assignment to him by Dye, it was a defence to this action.

The question next to be considered is, was there error in rejecting the defendant's offer to show the payment of over one thousand dollars of partnership debts for the purpose of defalking the plaintiff's half thereof against his demand on the note. There can be no pretence that the defendant was entitled to set off one-half of the amount which he had paid on account of the partnership indebtedness, if the plaintiff was not indebted to the partnership by reason of such payment. Whether he was indebted or not, could only be ascertained by a settlement of the partnership accounts, which could not be made by the jury in this action. The only

[Klase v. Bright.]

mode provided by law for the settlement of partnership dealings is by a bill in equity or by an action of account render. The offer, therefore, was clearly incompetent, as it would have involved an inquiry into the state of the partnership accounts, which it was not competent for the jury to make, and the evidence was rightly rejected.

Nor was the defendant entitled to any deduction or abatement, on account of the alleged failure of title to the lath-mill. If McGinley had any interest in it as a partner or joint owner, which, so far from being clear, is very doubtful, the fact must have been as well known to the defendant as to the plaintiff when he sold his interest in the partnership property. Besides, the plaintiff, as the written contract shows, sold only "his right, title and interest" in the lath-mill, and consequently the defendant took the mill subject to whatever interest McGinley had in it.

The other questions raised by the assignments of error were not pressed on the argument, and there is nothing in them that calls for discussion.

Judgment affirmed.