Draucker et al. *v.* Arick, Appellant.

161      357
26 SC ¹138

*Partnership—Sale of interest—Action—Assumpsit.*

A partner who sells his interest in the firm to the other partners may maintain an action of assumpsit against them for the purchase money.

*Partnership—Evidence—Question for jury.*

Two partners sold out their interest in the firm to the remaining partners. At the time of the sale certain moneys were due to the firm, and it was agreed that they should be paid to the remaining partners. The retiring partners claimed that their share of these moneys should be paid to them by the remaining partners. The evidence as to whether they should receive any part of these moneys was conflicting. *Held,* that the question was for the jury.

Submitted on paper-books, April 16, 1894. Appeal, No. 78, July T., 1893, by George Arick, one of the defendants, from judgment of C. P. Clearfield Co., Dec. T., 1892, No. 348, on verdict for plaintiffs, A. M. and P. W. Draucker against Geo. Arick and J. Scott Flegal. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Assumpsit for money loaned. Before KREBS, P. J.

The court charged in part as follows:

"It seems from the evidence that some time about May 8, 1891, the two plaintiffs, with George Arick and John Hayes, entered into an arrangement with Hoover, Hughes & Co. for stocking some timber upon certain lands in this county. It is not material what these arrangements were, or what was covered particularly, but that partnership continued up until about June 20, 1891. It is a fact, alleged by the plaintiffs, and not denied by the defendants, that on that day, or the day previous, an arrangement was consummated by which J. Scott Flegal purchased the interest of A. M. and P. W. Draucker in this

partnership, under the contract made with Hoover, Hughes & Co., and, so far as the written evidence of that contract is concerned, it was in consideration of the sum of one dollar that they assigned their interest in this contract.

"It is claimed by the plaintiffs that at that time they had paid out, to the use of the members of the firm that took the contract originally, the sum of $286.29 to the men who worked on the job. The checks have been produced here by the plaintiffs to show the several items that enter into that $286.29. It is not denied by the defendants that that money was paid out to the men who worked on that job at the time when A. M. Draucker, P. W. Draucker, George Arick and John Hayes had the contract.

"When Draucker and his brother sold out—to J. S. Flegal— their interest in this contract, they allege that Mr. E. C. Humes (who was apparently the agent or representative of Hoover, Hughes & Co.) came there to pay money on account of the work that had been done under this contract; that five hundred dollars was to be paid at that time ; that he (Humes) asked who this money was to be paid to ; that he (Humes) came there, as they (plaintiffs) claim, to pay it to the Drauckers, and when he asked who this money was to be paid to, an arrangement was then entered into by which an order was given to Humes, and this money was paid to Arick and Flegal, and that it was agreed by Arick and Flegal, at that time, that the $286.29 should be paid to A. M. and P. W. Draucker on the next pay day, which I understand would be the 20th of the next month (July, 1891). That is, it was to be repaid to them out of the next money which they—Arick and Flegal—would receive from Hoover, Hughes & Co. upon this contract.

"Now, if those facts were true, there is no difficulty, that we can see, in maintaining this form of action. [It is true, as a matter of law, that one member of a firm cannot sue the firm during its existence, in the ordinary form of action in assumpsit, and he must bring an action in case as account render. But when one member sells out to another member of the firm, and is to receive a specific sum of money—that is, for his interest and money advanced, a certain amount was agreed to be paid to him—we see no difficulty whatever in his maintaining an action of assumpsit—such as this action is—to recover that money against the incoming or new firm.]" [3]

Defendant's points were as follows:

" 1. It appearing that the money claimed for was money advanced by the plaintiffs to a firm or partnership composed of A. M. and P. W. Draucker, George Arick and John H. Hayes, while the plaintiffs were members thereof, and was used in carrying on the business of said partnership, and that at the time it was advanced no contract of any kind was made for its payment, and no settlement of the partnership accounts was ever made, the action in this case should be account render and not assumpsit, and therefore your verdict must be for the defendants. *Answer:* We cannot affirm that point for several reasons. The first is, that it would be asking the court to assume, as a matter of fact, that there was no arrangement by which this $286.29 was to be repaid to the Drauckers. This is a matter of fact for the jury, and the court cannot assume it. In the next place, we cannot affirm it, because if you believe the testimony of the plaintiffs in this case, Arick and Flegal agreed to repay this money to them out of the next moneys they received from Hoover, Hughes & Co., and whether or not you believe that fact is a question that you must determine under all the evidence." [1]

" 2. It appearing from the evidence that the plaintiffs sold or assigned their interest in the partnership, prior to the beginning of this suit, to one of the defendants, which fact is not disputed by the plaintiffs, they are thereby estopped from recovering in this case, and especially in this form of action, and your verdict must be for the defendants. *Answer:* We decline to affirm that point, because that would also require us to assume the facts to be as stated; but we say to you, that if you find that this was a loan to the firm of Arick & Flegal, as is claimed by the plaintiffs, then they are not estopped from recovering in this form of action, and your verdict would be accordingly." [2]

Verdict and judgment for plaintiffs. Defendant, George Arick, appealed.

*Errors assigned* were (1–3) instructions, quoting them.

*Thomas H. Murray* and *A. L. Cole,* for appellant, cited: Ferguson v. Wright, 61 Pa. 258; McFadden v. Sallada, 6 Pa. 283; McFadden v. Hunt, 5 W. & S. 468; Leidy v. Messenger, 71 Pa. 177.

*W. C. Pentz*, for appellees, cited : 17 A. & E. Ency. L. 1099, 1261 ; Cochran v. Perry, 8 W. & S. 266 ; Clarke's Ap., 107 Pa. 444 ; Scott's Ap., 88 Pa. 175 ; Beale v. Jennings, 129 Pa. 625 ; Crawford v. Willing, 4 Dal. 286 ; Levick's Ap., 2 Atl. R. 532.

PER CURIAM, April 30, 1894 :

This suit was brought to recover two hundred and sixty-one $\frac{29}{100}$ dollars, with interest, being balance of money alleged to have been loaned to the defendants, Arick and Flegal.   The testimony introduced by plaintiffs tended to sustain their contention, and thus it became a question of fact for the jury ; and to them the case was fairly submitted with proper instructions.

Defendants' points for charge, recited in the first and second specifications of error, are each predicated of an erroneous assumption of facts ; and for that reason they were rightly refused.   There was testimony tending to prove a distinct understanding between the parties to the effect that the money in question would be repaid to the Drauckers ; and that of course was for the jury.

There is no error in that part of the charge recited in the third and last specification.   Whether the plaintiffs were entitled to recover or not depended on the facts as they might be found by the jury.

Judgment affirmed.