## Farrell *v.* Young, Appellant.

*Partnership—Dissolution—Action.*

Where two partners dissolve partnership and one of the partners, who continues the business, purchases the interest of the other and agrees to pay to the other a share of the profits arising from the sale of certain goods already made, when the purchase money is collected, the outgoing partner may sue the other in assumpsit for such profits after the moneys are collected.

Argued May 16, 1904. Appeal, No. 91, April T., 1904, by defendant, from judgment of C. P. Erie Co., Nov. T., 1900,

No. 148, on verdict for plaintiff in case of W. E. Farrell v. A. D. Young. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit to recover profits on sale of eighteen road machines. Before THOMAS, P. J.

At the trial it appeared that plaintiff and defendant had been partners. On November 15, 1899, the parties entered into an agreement dissolving the partnership, and Young purchased from Farrell his interest in the property of the firm, excepting the outstanding accounts due the firm from which accounts were excluded moneys due the firm for eighteen road machines previously sold but not paid for. As to these moneys the contract provided as follows :

And whereas, by the said firm hereby dissolved, there have been sold eighteen road machines, settlement for which has not yet been consummated, therefore, it is agreed, that one third of the total profit from the sale of said machines, less the sum of $24.00, shall be paid to the said W. E. Farrell, on or before April 15, 1900, by the said A. D. Young, to whom is payable all accounts due the firm in this connection, and by whom, to wit, the said A. D. Young, are to be paid all bills or accounts due by the said firm on account of said machines.

The moneys for the machines were collected by the defendant, but plaintiff's share of the profits were not paid over to him.

The defendant presented the following, all of which were refused :

1. The contract offered in evidence by the plaintiff in this case is a contract between the parties for the dissolution of the partnership, and is an entire contract.

2. The clause in said contract upon which suit is brought in this case relates solely to partnership transactions.

3. The evidence is undisputed that there has been no settlement of the partnership matters between the plaintiff and defendant, and no balance has been struck between them showing that either is indebted to the other.

4. The evidence is undisputed that there has been no settlement of the partnership matters between the parties in this case referred to in the clause in said contract upon which suit

is brought in this case, and that no balance between them relating thereto has been struck.

5. Under the terms of the contract offered in evidence by the plaintiff in this case, it is impossible to arrive at the amount if any that is due the plaintiff in this case, without a settlement of all the partnership matters referred to in said contract first being had.

6. Under the clause in the agreement upon which suit is brought in this case relating to the outstanding accounts for sale of eighteen road machines, there is no sale of any interest in said accounts by the plaintiff to the defendant, and the defendant acquired no more rights in regard to said matters than he had under the general laws relating to partnerships.

7. Under all of the evidence in this case the verdict of the jury must be for the defendant.

Verdict and judgment for plaintiff for $275.51.   Defendant appealed.

*Error assigned* among others was refusal of points as above.

*W. Ed. Marsh* and *George H. Higgins,* for appellant.—Assumpsit will not lie by one partner against another until a settlement is made and balance struck : Andrews v. Allen, 9 S. & R. 241 ; Murray v. Herrick, 171 Pa. 21 ; Ozeas v. Johnson, 1 Binn. 191 ; Knerr v. Hoffman, 65 Pa. 126 ; Klase v. Bright, 71 Pa. 186 ; Riley v. Eigo, 1 Pa. Superior Ct. 139.

*J. W. Sproul,* with him *Yard & Osborne,* for appellee.—When one partner sells his interest in the firm to his copartner in consideration of certain agreements his copartner makes, assumpsit will lie to enforce the latter's liability : Beale v. Jennings, 129 Pa. 619 ; Van Amringe v. Ellmaker, 4 Pa. 281 ; Draucker v. Arick, 161 Pa. 357 ; Klase v. Bright, 71 Pa. 186 ; Beede v. Fraser, 66 Vt. 114 (28 Atl. Repr. 880).

OPINION BY HENDERSON, J., July 28, 1904 :

The agreement of November 15, 1899, was not only a dissolution of the firm, but a transfer and sale by the plaintiff to the defendant of the former's interest in the business, good will and property of the firm, excepting, however, plaintiff's interest in

the outstanding accounts due the firm, from which accounts were excluded accounts due the firm for eighteen road machines theretofore sold, settlement for which had not then been made.    The plaintiff transferred to the defendant his interest in these accounts and the defendant agreed to pay therefor to the plaintiff on or before April 1, 1900, one third of the total profit from the sale of the machines, less the sum of $24.00. It is for his share of the profits on these machines that this action was brought by the plaintiff.

In view of the relation of the parties disclosed by the contract and the evidence presented at the trial, no question of the entirety of the contract arises.    The action is upon an undertaking of the defendant for a sum easily determinable, payable at a time fixed in the contract.    The plaintiff sold all his interest in the firm except in the uncollected accounts other than the road machine accounts, for a price agreed upon and which the defendant undertook to pay.    The principal part of the consideration has been paid and this action is for the balance.    As to the business, good will, property and road machine accounts, there was a clear sale by the plaintiff to the defendant and an express undertaking of the latter to pay therefor.

The promise upon which the action was brought does not involve the settlement of the partnership business.    It expresses an undertaking between two of the partners and creates individual rights and liabilities between them.    That payment of the consideration named in such an agreement may be enforced in an action in assumpsit is clearly shown in Van Amringe v. Ellmaker, 4 Pa. 281.    Where one sells his interest in the partnership to another partner he may maintain an action for the price : Klase v. Bright, 71 Pa. 186 ; Beale v. Jennings, 129 Pa. 619 ; Draucker v. Arick, 161 Pa. 357.

There can be no doubt of the fact that the parties separated the machine accounts from any other business and that the defendant agreed to pay the plaintiff his share of their value. The fact that the specific sum to be paid is not mentioned in the contract does not defeat the plaintiff's action.    It is admitted that the amounts due on these contracts were all collected by the defendant and the profits could easily be determined.    The instruction of the court upon the subject was correct.

It was alleged by the plaintiff that the $24.00 specified in the agreement was fixed as his share of the expenses of collection, etc. The case was properly submitted to the jury as to the set-off claimed and it was the province of the jury to determine the amount due.

The assignments of error are all overruled and the judgment affirmed.