## Beaumont *v.* Sharpless, Appellant.

*Partnership—Actions—Assumpsit.*

1. An action of assumpsit cannot be maintained by one member of a firm against his copartners or former partners for an account against or a contribution to the firm. No one can be both plaintiff and defendant in the same action.

2. Where a partner sells his interest to the other partners and the remaining partners agree to pay the debts of the firm for which the retiring partner is liable, and to save the outgoing partner harmless from the firm debts, the latter cannot thereafter maintain an action of assumpsit against the remaining partners for.goods sold to them by the outgoing partner before the dissolution.

3. After a dissolution of a partnership the partners cannot make a contract in any way binding each other.

Argued Nov. 25, 1910. Appeal, No. 183, Oct. T., 1910, by defendants, from judgment of C. P. Chester .Co., Oct. Term, 1909, No. 6, on verdict for plaintiff in case of Charles O. Beaumont, trading as Joseph Oat & Son, v. William Sharpless and W. Warren Sharpless, trading as W. W. Sharpless Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit for labor and material. Before BUTLER, J.

The court charged in part as follows:

The plaintiff, who is Charles O. Beaumont, trading as Joseph Oat & Sons, has brought this suit against William Sharpless and Warren Sharpless, trading as the Sharpless Company, Ltd., to recover $772.83, with interest from. August 1, 1908, under these circumstances: Charles Beaumont at one time was a member of the defendant company and, during his partnership, he and the other members of this firm determined to purchase an automobile and have it converted into an automobile truck for the delivery of milk in Philadelphia. They were engaged.in

that business. A machine was bought and was converted and improved by the plaintiff. As I have said, he was then a member also of the defendant company as then constituted. The plaintiff expended in the purchase of the automobile, in furnishing the money to buy it and in converting it and repairing it, what amounts, in the aggregate, to $772.83. The machine was delivered, accepted and used by the defendant company. It is contended, however, that, by virtue of the situation that now exists, as a legal proposition the plaintiff cannot recover. It appears that in January—I think January 22—1909, the plaintiff severed his relations with this defendant company.

Defendants presented these points:

1. The plaintiff having by writing under seal executed in January, 1909, sold and transferred to William Sharpless and Warren W. Sharpless, all his right, title and interest in and to the property, real and personal of the partnership known as W. W. Sharpless Company, Limited, of which partnership he was a member, and the claim in suit against said partnership being in existence at the time of such sale and transfer, there can be no recovery and the verdict must be for the defendants. *Answer:* That point is disaffirmed. [1]

2. The defendants, having covenanted with the plaintiff, by the written sale and transfer referred to, to "pay and satisfy all the creditors to whom the said Charles O. Beaumont is chargeable or indebted for and concerning all the affairs and dealings of the said copartnership" and to "indemnify and save harmless" the said Beaumont "from all the debts and liabilities and every of them of said copartnership" such covenant measured the liability of the said William Sharpless and Warren W. Sharpless and does not extend to the payment of a claim held by the plaintiff against the partnership of which he was a member and the verdict must be for the defendants. *Answer:* That point is disaffirmed. [2]

3. The law presumes that when a partner sells and

transfers his interest in the assets of a copartnership to the remaining members, such sale and transfer includes the interest of the selling partner as a creditor of the concern, and no evidence having been introduced sufficient to overcome this presumption, the plaintiff cannot recover and the verdict must be for the defendants. *Answer:* That point is disaffirmed. [3]

4. Under all the evidence, the verdict must be for the defendants. *Answer:* That point is disaffirmed. [4]

[We are going to instruct you to find a verdict for the plaintiff for the amount of his claim with interest.] [5]

Verdict and judgment for plaintiff for $855.90. Defendants appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*J. Frank E. Hause,* with him *Daniel C. Donoghue,* for appellants.—It is perfectly clear that such action would not lie were the partnership in existence: Crow v. Green, 111 Pa. 637.

The fact that at the time of the suit the plaintiff and defendants were not partners is likewise immaterial: Hall v. Logan, 34 Pa. 331.

The remedy of a partner, who holds a claim against the firm of which he is a member, is by a bill for an accounting on the equity side of the court: Beale v. Jennings, 129 Pa. 619; Elmer v. Hall, 148 Pa. 345; Murray v. Herrick, 171 Pa. 21; Riley v. Eigo, 1 Pa. Superior Ct. 139.

Taking the agreement as it was executed by the parties and construing it as a whole, the conclusion is irresistible that Beaumont parted with every conceivable interest he had in the partnership for $8,000—and the law presumes that when his copartners agreed to pay him this amount, they knew how much he was entitled to have out of the assets, including the claim for which he now sues, and that they fixed upon the price accordingly: Hamilton v. Wells, 182 Ill. 144 (55 N. E. Repr. 143);

Beale v. Jennings, 129 Pa. 619; Milloy v. Hoyt, 123 Ill. App. 568.

*George Quintard Horwitz,* with him *W. W. MacElree* and *Alfred P. Reid,* for appellee.—The judgment from which this appeal is taken covers a claim not involving any partnership transactions, and, upon the authority of a long line of cases, there is no doubt of the right of the appellee to have brought the suit: Beale v. Jennings, 129 Pa. 619; Farrell v. Young, 26 Pa. Superior Ct. 135; Welch v. Miller, 210 Pa. 204.

Where a partner on the dissolution of the partnership, assumes the payment of all the partnership indebtedness, he is liable in assumpsit for goods supplied to the firm by his copartnership, during its existence, with his knowledge and consent: Thropp v. Richardson, 132 Pa. 399; Collins v. Smith, 78 Pa. 423.

OPINION BY HENDERSON, J., March 3, 1911:

The basis of the plaintiff's claim is an account which he held against a firm of which he was a member. In the prosecution of the business of that firm it was deemed advisable to procure a motor truck and this the plaintiff bought. The partnership having been dissolved by an agreement in writing the plaintiff afterward brought this action to recover the price of the truck and some repairs made on it. Two objections are made to the judgment appealed from: first, that an action of assumpsit cannot be maintained by one member of a firm against his copartners or former partners for an account against or a contribution to the firm; and second, that on a sale of the interest of one partner to the other partners there is a presumption that all accounts of the several partners were taken into consideration and settled; that an individual account could only be recovered on an express agreement of such other partners to pay it and that there was no such agreement in this case. On the first proposition the law is clearly with the appellant. The plaintiff's account was for

a contribution to the assets of, or a sale of the truck to, the firm and in either case a compulsory settlement would involve the financial standing of the partners and an ascertainment of the state of the partnership accounts. The proceeding for this sort of inquiry is a bill in equity or an action of account render. No one can be both plaintiff and defendant in the same action. A reference to Klase v. Bright, 71 Pa. 186; Leidy v. Messinger, 71 Pa. 177; Crow v. Green, 111 Pa. 637 and Murray v. Herrick, 171 Pa. 21, will illustrate the application of this doctrine. In Crow v. Green, the court said: "The case comes within the perfectly familiar rule that one partner cannot sue another partner for a partnership transaction except by bill in equity or action of account render." Nor is the rule different where the action is brought after the firm is dissolved: McFadden v. Hunt, 5 W. & S. 468; Hall v. Logan, 34 Pa. 331. An exception exists where there is an express agreement of the other members of the firm to pay all the debts due by the partnership or to pay a particular claim or claims of the retiring partner: Beale v. Jennings, 129 Pa. 619. Likewise, an action of assumpsit may be maintained for the purchase money where one partner sells his interest in the firm to the other partners: Draucker v. Arick, 161 Pa. 357; Farrell v. Young, 26 Pa. Superior Ct. 135. But these cases all have their root in the fact of an existing contract which created the liability. To this the appellee replies that there was a contract of dissolution and that the defendants are liable under that contract. The action is not brought, however, on the contract. It is on its face an action by a third person against the defendants for goods sold and delivered and there is nothing in the pleadings to show that the action was on a partnership transaction which is excepted by an agreement to pay from the operation of the principle that one partner may not sue his copartners in assumpsit for a partnership debt.

But if it be admitted that the action is brought on the contract of dissolution does that contract cover the plaintiff's claim? It recites that the plaintiff and defendants as

partners dealing together under the name of W. W. Sharpless Company and W. W. Sharpless Company, Ltd., had become possessed of many goods, wares and debts due them and of real and personal property and had become "indebted to divers other persons" concerning their joint trading and that the plaintiff consented to sever himself from the partnership for the consideration of $8,000 to be paid by his copartners in consideration of which he transferred to them all the right, property and interest which he had or should have or might have in the firm and in "all and singular the goods, wares, merchandise, accounts receivable and all other property real or personal belonging to said co-partnership or in which said co-partnership had any interest." The contract contains the further covenant that the defendants "will at all times hereafter pay and satisfy all the creditors to whom the said Charles O. Beaumont is chargeable or indebted for and concerning all the affairs and dealings of the said co-partnership and will at all times hereafter indemnify and save harmless the said Charles O. Beaumont, his heirs, executors and administrators from all the debts and liabilities and every of them of the said co-partnership." It is under this clause of the contract that the plaintiff contends the defendants are liable for his claim. Two obligations are here assumed by the defendants: first, to pay debts; and second, to save the plaintiff harmless from debts. What are the debts which the defendants are to pay? The contract specifies these. They are the claims of all the creditors to whom the said Charles O. Beaumont is chargeable or indebted for and concerning all the affairs and dealings of the copartnership. These debts do not include the claim in suit for it cannot be said with due regard to the language of this clause or the apparent intention of the parties that Beaumont is chargeable with this debt. It is his claim against the firm; not one for which he is liable to creditors. What the parties meant as expressed in this provision was that Beaumont should be relieved from all liability on account of claims which any other

creditor might bring against the firm.  Does the indemnity clause help the plaintiff out?  We think not.  That is but a statement in another form of the provision that the defendants will pay all creditors to whom the outgoing partner was liable.  After promising to pay that class of creditors the defendants by way of further assurance to the plaintiff agreed to indemnify him and save him harmless from all the debts and liabilities of the copartnership. But he needed no indemnity against his own claim.  To include an indebtedness which he and his partners owed himself would be to force a construction on the terms of the contract which the language when reasonably interpreted does not permit.  We think this provision is not susceptible of an interpretation which will make it amount to an agreement to pay the Beaumont claim.  To indemnify and save harmless means that Beaumont shall be exempted from liability on account of any debts of the firm; not that he is to be paid a claim which he holds.  The parties had in mind at the time the payment of debts for they expressly covenanted with reference to obligations for which Beaumont might be sued that they should be paid.  We cannot persuade ourselves that the clause with reference to indemnity was intended to cover any other debts of the firm than those for which Beaumont was liable.  If this provision had been made applicable to all the debts of the firm the claim of the plaintiff would have been included as was held in Beale v. Jennings, supra, but the contract is not that broad; the creditors to be paid were those who were not the parties to this contract.  Moreover, when the parties agreed on a basis of dissolution and the plaintiff retired from the firm for the consideration stated the presumption is that they had in view the assets and liabilities of the firm and that the value of the plaintiff's interest was agreed on in the light of such assets and liabilities.  When, therefore, the plaintiff parted with all his right, property and interest in the partnership it will be assumed that this covered as well his original investment as also his profits still in the

business and his right as a creditor to take part of the assets. This is the doctrine of Thompson v. Lowe, 111 Ind. 272, where it was held that it will be presumed that the account of the retiring member of a firm was adjusted in ascertaining the value of his interest and that the value was increased or diminished in proportion as he was found to be the debtor or creditor of the firm, if nothing be shown to the contrary. The same principle is announced in Roberts v. Ripley, 14 Conn. 543; Hamilton v. Wells, 182 Ill. 144 and Lesure v. Norris, 65 Mass. 328. The learned trial judge was influenced in reaching the conclusion excepted to by the appellant by a letter written by one of the defendants about two months after the contract of dissolution in which he expressed an expectation of ability to pay the plaintiff's bill for the "auto truck" about April 1. But the other defendant was not shown to have assented to this letter nor to have had any knowledge with reference thereto and it was not competent to give to the contract of dissolution an interpretation as against him which its terms did not express.

The judgment is reversed.