**LEOLOFF et al. v. WERNER. (No. 8015.)**

Court of Civil Appeals of Texas. San Antonio. May 23, 1928.

Rehearing Denied June 27, 1928.

1. **Bills and notes**  ⟐⟹347, 359—**Plaintiff, receiving overdue notes for pre-existing debt, was not due course holder.**

Plaintiff, who came into possession of notes after they became due, and consideration for which was pre-existing debt from payee to plaintiff, did not acquire the notes in due course, and was not an innocent purchaser.

2. **Evidence**  ⟐⟹441(11)—**Admitting oral agreement, destroying contemporaneous written agreement that notes issued to withdrawing partner could not be transferred, held error in suit on notes.**

Where, at time of execution of notes in payment of debt to partner withdrawing from partnership, written agreement was entered into by parties that notes were not to be transferred, permitting evidence of partner that there was an oral agreement, which in effect destroyed the written agreement prohibiting transfer of notes, *held* error in action on notes by transferee of partner, who was not holder in due course.

Appeal from Bexar County Court at Law No. 1; McCollum Burnett, Judge.

Suit by Adolph Werner against O. G. Leoloff and another, wherein defendant J. A. Dittmar filed a cross-action. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

S. Engelking, of San Antonio, for appellants.

L. J. Gittinger, of San Antonio, for appellee.

FLY, C. J. This suit was instituted by appellee against O. G. Leoloff and J. A. Dittmar on two promissory notes, one for $71 and the other for $179, both dated May 16, 1925, the first named due in five months and the latter in six months after date. The cause was submitted to a jury on special issues, which being answered by the jury, judgment was rendered in favor of appellee for $331.23 and costs of suit, and relief was denied appellant on his cross-action against Victor C. Werner and Leoloff.

O. G. Leoloff, J. A. Dittmar, and Victor C. Werner were engaged in the welding business, and appellee, the father of Victor, lent him $250 to put into the business. Afterwards Victor C. Werner withdrew from the partnership. In order to pay Victor C. Werner for his interest in the partnership, two notes, those sued on herein, were executed by the old firm and the new and Dittmar. At the time the notes were executed, a written agreement was entered into by the parties that the notes were "never to be transferred." However, they were, after maturity, transferred to appellee, to secure the debt due him by his son Victor. These facts are stated in order to cast light on testimony offered to show that the written contract was modified by an oral agreement that Victor C. Werner might transfer the notes to any member of his family.

[1, 2] The evidence as to the oral agreement was objected to on the ground that it varied the terms of the written contract, and a bill of exceptions was reserved to the action of the court in admitting the testimony, and that action is made the subject of the proposition advanced in the brief. The jury found that appellee came into possession of the two notes after they became due, and also found that the consideration paid for the notes by appellee was the pre-existing debt of Victor C. Werner to appellee. The debt being overdue, appellee did not acquire

the notes in due course, and was not an innocent purchaser. If he was not an innocent purchaser, then he was charged with notice that his son could not in good faith negotiate the notes, but was acting fraudulently and in bad faith in negotiating the instruments, and appellee could not in good faith acquire the notes. It was error to permit the evidence of Victor C. Werner to the effect that there was an oral agreement, which in effect destroyed the contemporaneous agreement in writing, that the notes could not be transferred. That testimony was made a pivotal point in the submission to the jury, the first issue being:

"Did the defendants, John Dittmar and Victor C. Werner, agree that the two notes in controversy could be transferred to some member of the Werner family?"

That question was answered in the affirmative. There would have been no basis for the submission of the issue in question, if there had not been proof of the execution of a written contract providing that the notes could not be transferred by Victor C. Werner. The county judge would not have submitted an issue as to the notes being made transferable by an oral agreement, if he had not determined that there was a written contract making the notes nontransferable. Without the written contract the notes were negotiable paper, independent of any oral agreement made by appellant.

For the error in admitting the testimony, which varied and in effect destroyed the written contract, the judgment is reversed, and the cause remanded.