## Kish v. Daum et al.

Argued October 3, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Geo. M. Galbreath,* of *Galbreath & Galbreath,* for appellant.—Under the facts of the case as presented to court by plaintiff's statement and defendants' demurrer, no conclusive presumption arose that plaintiff's claim was included in the consideration. paid him for his interest in the partnership: Cambria Iron Co. v. Tomb, 48 Pa. 387; Beale v. Jennings, 129 Pa. 619; Beaumont v. Sharpless, 45 Pa. Superior Ct. 575.

*James O. Campbell,* with him *Zeno F. Henninger,* for appellee.—The presumption is that the claim in suit was within the consideration of the sales agreement: Beaumont v. Sharpless, 45 Pa. Superior Ct. 575.

OPINION BY MR. JUSTICE SCHAFFER, November 26, 1928:

The court below on an affidavit of defense in the nature of a demurrer to plaintiff's statement held that he could not recover a balance of salary which he claimed from the partnership of which he had been a member; from its decision he has appealed.

Plaintiff and the three defendants entered into an agreement of partnership, wherein it was provided that each should receive for his services an annual salary therein fixed which should be considered expenses of the partnership. At the end of three years and a half plaintiff sold his interest to the other three members in consideration of $20,000 and the payment by them, as continuers of the business, of all the firm's debts. Plaintiff's salary had been fixed at $6,000 a year; he, however, had not received this amount but had drawn only $50 each week so long as he remained a member. After re-

tiring from the firm and after receiving the full cash consideration he had stipulated for in the written agreement terminating the partnership and selling his interest therein to the others, he set up a claim for the unpaid part of his salary amounting to $11,900, with interest, and brought this action of assumpsit against his former associates to recover it from them.

Defendants in their affidavit by way of demurrer and in their argument before us put forth two reasons forbidding a recovery. First, that an action of assumpsit will not lie between partners; second, that a conclusive legal presumption arises that plaintiff's claim was included in the consideration paid for his interest in the firm. It will not be necessary to consider the first reason, to which we do not deny merit, because the second is controlling against appellant. In his statement of claim he does not aver that his claim for wages was excluded from the consideration in the agreement of sale of his interest, on the contrary he avers that he "sold his interest," and thereby necessarily meant all interest which he had, to the three defendants for the consideration named. The law casts a mantle of broad equities about partnership relations and dealings inter se. Plaintiff could not agree to sell all his interest to his copartners and keep up his sleeve such a claim as he now brings forth, and thereafter be permitted successfully to assert it. Presumptively, when he sold all his interest to his associates, any claim which he might have asserted against them was included in the consideration which he received: Beaumont v. Sharpless, 45 Pa. Superior Ct. 575. As was said in that case, quoting from an Indiana decision: "It will be presumed that the account of the retiring member of a firm was adjusted in ascertaining the value of his interest and that the value was increased or diminished in proportion as he was found to be the debtor or creditor of the firm, if nothing be shown to the contrary." To the same effect is Farnsworth v. Whitney, 74 Me. 370: "It is impossible to believe that the

one would pay or the other receive the sum agreed upon unless all existing claims between them were to be thereby adjusted and settled." See also 21 A. L. R. 112. Plaintiff cites to us the cases of Beale v. Jennings, 129 Pa. 619, and Draucker v. Arick, 161 Pa. 357, in support of his contention that no presumption arose that plaintiff's claim was included in the consideration paid him for his interest in the partnership. An examination of these cases will show that the point now before us was not raised or considered in either of the two short Per Curiam opinions which dispose of those appeals, and we find no necessary implication in the cases that a partner, after a sale of his interest, may recover for a claim such as here asserted; if such implication would arise, to that extent the decisions in question would have to be overruled.

The judgment is affirmed.