**DAVIS et al. v. McCARTY et al.**

**No. 10681.**

Court of Civil Appeals of Texas. San Antonio.

Oct. 30, 1940.

Rehearing Denied Dec. 4, 1940.

Neel & King and Hal F. Rachal, all of Corpus Christi, for appellants.

Sidney P. Chandler, of Corpus Christi, for appellees.

288

MURRAY, Justice.

This suit was instituted by William McCarty and W. G. Mangum against Allen Davis and E. E. Swift, seeking to recover on a joint claim of $2,990.25, together with interest, and, further, on an individual claim in favor of William McCarty in the sum of $1,010.16 for shop work and $813.13 rental on a machine.

The trial was to a jury, but at the close of the testimony plaintiffs' motion for an instructed verdict was granted and the jury were instructed to return a verdict in favor of William McCarty and W. G. Mangum against Allen Davis and E. E. Swift in the sum of $3,182.88, and in favor of William McCarty, alone, against Allen Davis and E. E. Swift in the sum of $435.-74. Judgment was rendered and entered in accordance with the verdict, from which judgment Davis and Swift have perfected their appeal by the giving of a supersedeas bond.

The first contention presented is that in view of a contract of dissolution of a former partnership theretofore existing between William McCarty, W. G. Mangum and Allen Davis, a full settlement of all accounts was accomplished an therefore appellants owed appellees nothing.

During the year 1936 McCarty, Mangum and Davis formed a partnership, known as the Davis Pulling Machine Company. This partnership was to engage in the business of reconditioning oil wells. Allen Davis was to manage the business and receive for his services $300 per month. McCarty and Mangum transferred equipment to the partnership of the value of $2,-990.25. Davis was to later pay for his one-third interest in this machinery.

In February, 1938, this partnership was terminated by a written agreement, to-wit:

"State of Texas

"County of Nueces

"Whereas, by agreement, made the 1st day of January, 1937, Allen Davis, William McCarty and W. G. Mangum, all of Nueces County, Texas, entered into a partnership for the purpose of carrying on the business of general oil well servicing, swabbing and workovers for an indefinite time, said business to be known as the Davis Pulling Machine Company; and

"Whereas, the said partners, wishing to discontinue and determine the said partnership so entered into, they have agreed upon a dissolution of same, to which proposition all of said partners have agreed and assented.

"The partners, therefore, mutually consent and agree, by these presents, that the said partnership heretofore existing between them under the name of Davis Pulling Machine Company, be and the same is hereby dissolved, and further that the said Allen Davis shall take the entire equipment belonging to said partnership, the same including certain real estate situated upon Highway #9 and Omaha Drive, Corpus Christi, Texas, together with the warehouse thereon situated; all trucks, automobiles and other vehicles belonging to said partnership whether the same are listed in the name of Davis Pulling Machine Company or otherwise; the warehouse situated upon said real estate above described together with all furniture and fixtures therein; all pulling machines, tools, gin poles, pipe and other equipment used in connection with the operation of said business of oil well servicing, swabbing and workovers; all accounts receivable now due and owing to said Davis Pulling Machine Company, together with any and all other choses in action, including lawsuits now pending in our names as partners, it being the intent hereof to transfer any and all property and equipment of whatsoever character belonging to the partnership to the said Allen Davis.

"In return for the transfer of all of the partnership property and assets to him, the said Allen Davis agrees to assume the payment of all debts and obligations now due and owing by the Davis Pulling Machine Company, and binds himself, his heirs, executors, administrators and assigns, to hold the said William McCarty and W. G. Mangum forever free and clear of any and all liability in connection with such debts. The said Allen Davis further agrees to pay to the said W. G. Mangum and William McCarty the sum of $2,500.00 each in cash, the receipt of which is hereby acknowledged and to execute and deliver to each of them his promissory note for the sum of $5,000.00, payable in twelve equal monthly installments, bearing 6% per annum interest, the first installment of principal and interest to become due 30 days from the date hereof.

"It is further agreed and understood, and we, William McCarty and W. G. Mangum hereby authorize the said Allen Davis to collect all debts due and owing the partnership, and to receive all or any part of

the same, and to receipt for same in the name of the firm, and all debtors·to the firm are hereby authorized to pay the said debts to the said Allen Davis, and we, the said William McCarty and W. G. Mangum, as aforesaid, hereby bind ourselves, our heirs, executors, administrators, and' assigns to assert no claim against any of the proceeds realized from such debts now due and owing the firm, or to any other property now belonging to or hereafter acquired by the said Allen Davis or the Davis Pulling Machine Company.

"It is further agreed and understood and it is the intention hereof that this instrument shall constitute the full and final settlement of our affairs and the termination of our partnership.

"For the faithful performance of all the terms of this agreement the parties hereto bind themselves this 1st day of February, 1938.

"Allen Davis
"William McCarty
"W. G. Mangum"

It was alleged that Davis never did pay anything upon the equipment advanced to the partnership, and that during the time the company operated it became indebted to McCarty, individually, in the sum of $1,010.16 for shop work, and in the sum of $813.13 for rental on·a pulling machine.

The question here presented is whether or not the dissolution agreement had the effect of cancelling all obligations owing by the partnership to the individual members at the time of the termination of the contract, or whether those obligations continued to exist thereafter and were unaffected by the agreement.

There seems to be no case in Texas in which the particular type of dissolution agreement executed by the parties herein has been interpreted, but there are cases in other jurisdictions. The Massachusetts case of Lesure v. Norris, 11 Cush. 328, is very much in point. There it is stated:

"The sale to the defendant, under' the circumstances stated, was a dissolution of the copartnership. Taft v. Buffum, 14 Pick. 322. It was also in effect an adjustment by the partners, as between themselves, of all its concerns and a division and appropriation of everything belonging to it. Nothing further remained to be done to effect a complete settlement between themselves. By the bill of sale, the plaintiff transferred all his interest in the company property, including debts which were due, to the defendant, and the latter thereby became sole owner of the whole. The interest which any partner has in the effects, rights and credits of a solvent partnership, is the share or proportion of them which he will be entitled to receive upon a final adjustment and liquidation of its concerns. Whatever stands properly charged to him on the company books, whether it be regarded as a debt due, or, perhaps, more correctly as evidence, that he has withdrawn already a certain amount of the capital invested, or of the profits earned, is first to be deducted, and will, to that extent, diminish the share he is to receive. His interest in the concern is only the balance remaining after such deduction has been made. ·

"The balance, therefore, is what was conveyed to the defendant by the bill of sale executed by the plaintiff. It was his interest in the company property, and that was his share of its assets which remained after deducting the amount charged to him on the books of Norris and Lesure. That charge was extinguished by the transaction between the parties, because it was in effect an entire adjustment of it. There was no occasion, therefore, to make any entry upon the books in relation to the amount, because the general liquidation and settlement, rendered attention to its details unimportant and immaterial. It is not pretended that there was any particular assignment of the amount in question to the defendant, and it clearly did not pass as any part of the interest of the plaintiff in the assets of the company. The ruling therefore, of the court below, that the defendant could not avail himself of the account in set-off to the plaintiff's action was correct, and the verdict was rightly taken for the amount due on the note demanded."

In Beaumont v. Sharpless, 45 Pa.Super. 575, it is stated: "Moreover, when the parties agreed on a basis of dissolution and the plaintiff retired from the firm for the consideration stated the presumption is that they had in view the assets and liabilities of the firm and that the value of the plaintiff's interest was agreed on in the light of such assets and liabilities. When, therefore, the plaintiff parted with all his right, property and interest in the partnership it will be assumed that this covered as well his original investment as also his profits still in the business and his right as a creditor to take part of the assets."

The agreement executed by the parties here shows upon its face that it was a full and final settlement of the former partnership. William McCarty and W. G. Mangum were each to receive the sum of $7,500 for their interest in the partnership, and this was all they were to receive. The agreement, after going into details as to how the property and accounts of the partnership are to be handled, then contains the following all-inclusive paragraph, to-wit: "It is further agreed and understood and it is the intention hereof that this instrument shall constitute the full and final settlement of our affairs and the termination of our partnership."

The partners, McCarty and Mangum, having executed this agreement and received the $15,000 which they were to receive under the agreement, could not thereafter demand another settlement of their claims against the dissolved partnership.

Parol evidence was not admissible to vary the terms of the written contract entered into by the former partners, dated February 1, 1938. 17 Tex.Jur. 794; Gill v. Baird, Tex.Civ.App., 32 S.W.2d 941; Leoloff v. Werner, Tex.Civ.App., 7 S.W. 2d 1095.

The agreement is plain and unambiguous and therefore parol evidence is not admissible. City of Abilene v. Sayles, Tex. Com.App., 295 S.W. 578.

Appellees contend that this judgment should be affirmed as to appellant Allen Davis, inasmuch as there has been no brief filed for him. It is apparent that the liability of appellant Swift is based upon his assumption of all obligations of the old partnership. Davis and Swift stand in exactly the same position and it would be manifestly unjust to affirm as to Davis and not as to Swift.

No complaint is made of the judgment as to the item for the sum of $435.74, and as to this item the judgment will be affirmed, but as to the item of $3,182.88 the judgment will be reversed and judgment here rendered that appellees take nothing.

Affirmed in part; reversed and rendered in part.

On Motion for Rehearing.

Appellees have filed a motion for rehearing asking us, among other things, to correct two alleged incorrect statements in our opinion. The first statement alleged to be incorrect is as follows: "Davis was to later pay for his one-third interest in this machinery," and the other "that Davis never did pay anything upon the equipment advanced to the partnership." Appellees contend that the true and correct statement should have been that Mangum and McCarty loaned the pulling machine to the partnership, composed of McCarty, Mangum and Davis, and that the partnership was to pay to McCarty and Mangum the sum of $2,990.25 for the machine out of the profits of the business, or when the company got on "velvet," as one witness expressed it. That the company did get on velvet and had sufficient profits on hand out of which to have paid for such machine, but failed to do so and therefore the partnership was indebted to McCarty and Mangum in the sum of $2,990.25, together with interest. In our opinion, if the company had on hand the sum of $2,990.25, as profits of the business, each partner would own one-third of such profits and if the entire sum was paid over to McCarty and Mangum they would only be receiving, in addition to what was already theirs, the one-third that belonged to Davis. We therefore conclude that we made a correct though brief statement of the facts when we said that Davis was later to pay his one-third of the purchase price of the machine, and that he did not do so.

However, be that as it may, appellees were precluded from recovering anything in the nature of purchase price of the pulling machine by the contract of dissolution, which they executed for a consideration of $15,000, and which provided that it was a full and final settlement of their affairs.

The motion for a rehearing has been considered and is in all things overruled.